Willie Horace **HELMS**, Jr., Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45416.

Court of Criminal Appeals of Texas.

July 26, 1972.

Rehearing Denied Oct. 18, 1972.

Abney, Burleson, Bondies, Conner & Mills by Phil Burleson, and James A. Mills, Jr., Dallas, for appellant.

1. The pertinent portion of Art. 1.15, V.A.C.C.P., as amended, provides, " . . . the evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and

Doug Crouch, Dist. Atty., and Charles E. Webb and Roger Crampton, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for possession of marihuana. The appellant, after being duly admonished, entered a plea of guilty before the court and punishment was assessed at seven years.

■ At the outset, appellant contends that the evidence is insufficient to support the conviction. Appellant urges Drain v. State, Tex.Cr.App., 465 S.W.2d 939 and Elliott v. State, Tex.Cr.App., 466 S.W.2d 562 for the proposition that the oral stipulations dictated into the record by the State in the instant case cannot be considered as evidence to support the plea of guilty. The record reflects that appellant was tried on May 19, 1971 prior to the June 15, 1971 effective date of the amendment to Art. 1.15, Vernon's Ann.C.C.P., providing for oral stipulations.[1] Thus, the conviction herein could not stand if it were dependent upon oral stipulations.

■ The record reflects that appellant and his counsel, in open court, entered into a written agreement with the State to stipulate testimony in which appellant waived the confrontation and cross-examination of witnesses and further agreed "and the Defendant further consents to the introduction of testimony by affidavit, written statements of witnesses, and all other documentary evidence that may be introduced by the State." The State introduced into evidence a Texas Department of Public Safety case report which

testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court . . . " Acts 1971, 62nd Leg., Vol. 2, p. 3028, Ch. 996, effective June 15, 1971.

purports to contain a narrative statement of the evidence in this case. The document recites the obtaining of the search warrant, the entry of appellant's house, the finding of a package wrapped with brown paper believed to contain two pounds of marihuana, the discovery of 16 plastic bags in a larger brown paper bag believed to contain marihuana, the delivery of the evidence found in appellant's house to Mr. Tullis at the Fort Worth Crime Laboratory, and the further recital that "Mr. Tullis would testify that leafy substance was marihuana." At the beginning of the report, the names of the witnesses are listed and, thereafter, their names appear in the margin beside the particular phase of the case in which they took part. At the conclusion of the report, there appears "agreed to as stipulated" followed by signatures of appellant, his counsel, and the trial judge. The State also introduced a Fort Worth Police Department's Crime Laboratory report bearing the signature of R. E. Tullis which recites findings that substances turned over to him contained marihuana. At the conclusion of this report, we find "agreed to as stipulated" followed by signatures of appellant and his counsel.

Art. 1.15, V.A.C.C.P., (before and after the June 15, 1971 amendment), provides that the defendant may consent in writing to waive the appearance, confrontation, and cross-examination of witnesses and consent to "the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court."

We find the foregoing evidence sufficient to support the conviction under Art. 1.15, V.A.C.C.P.

■ Appellant contends that the court was in error in admitting evidence obtained as the result of an illegal search and seizure. Where a plea of guilty is voluntarily and understandingly made, all non-jurisdictional defects including claimed deprivation of federal due process are waived. Soto v. State, Tex.Cr.App., 456 S.W.2d 389; Fierro v. State, Tex.Cr.App., 437 S.W.2d 833. We perceive no error.

■ Appellant contends that the record does not plainly show that he was sane. The judgment recites that the appellant was sane. No issue of sanity was raised at the time the plea was taken. No error is shown. See Kane v. State, 481 S.W.2d 808; Perez v. State, Tex.Cr.App., 478 S. W.2d 551; Parrish v. State, 170 Tex.Cr. R. 186, 339 S.W.2d 670.

■ Appellant contends that he did not have effective assistance of competent counsel in the trial court. A retained attorney's services must be gauged by whether or not there was a breach of legal duty. Steel v. State, Tex.Cr.App., 453 S.W.2d 486. We have reviewed the record and find no merit in appellant's contention.

The judgment is affirmed.

Opinion approved by the Court.