**Alvin Ray SMITH, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–84–006–CR.**

Court of Appeals of Texas, Fort Worth.

July 3, 1985.

Law Office of Jack V. Strickland, Jack V. Strickland, Fort Worth, for appellant.

Tim Curry, Dist. Atty., David K. Chapman, Asst. Dist. Atty., Fort Worth, for appellee.

Before ASHWORTH, JOE SPURLOCK, II and HILL, JJ.

OPINION

ASHWORTH, Justice.

Appellant entered a plea of guilty before the jury to the offense of murder. TEX. PENAL CODE sec. 19.02(a)[1] (Vernon Supp.1985). The jury assessed punishment at confinement for 95 years in the Texas Department of Corrections.

In a sole ground of error on appeal, appellant contends that the trial court erred in denying his motion to suppress. Because we find error, if any, has been waived by appellant's plea of guilty, we affirm the judgment of the trial court.

In *King v. State*, 687 S.W.2d 762 (Tex. Crim.App.1985) (not yet reported), the Court of Criminal Appeals affirmed the viability of the so-called *Helms* rule and its applicability to guilty pleas before a jury. *See also Harrelson v. State*, —— S.W.2d

—— No. 494–84 and 495–84 (Tex.Crim. App., May 8, 1985) (not yet reported). In *Helms v. State*, 484 S.W.2d 925 (Tex.Crim. App.1972), the Court held that a guilty plea, knowingly and voluntarily made, waives all nonjurisdictional defects including claimed deprivation of federal due process. *Id.* at *927*.

In the case at bar, appellant entered a guilty plea before the jury after proper and careful admonishment from the court. The plea, being voluntarily and understandably made, waived all non-jurisdictional defects. *See King v. State, supra.* Appellant thus waived any right to appeal the ruling on the motion to suppress.

The judgment of the trial court is affirmed.