**Alex Larry JACK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. A14–92–00685–CR, C14–92–00687–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 30, 1994.

Rehearing Denied July 21, 1994.

Discretionary Review Refused
Nov. 16, 1994.

**28**

Charles Peckham, Harry J. Fleming, Houston, for appellant.

Karen A. Clark, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## OPINION ON REMAND

ELLIS, Justice.

Appellant entered pleas of guilty to two offenses of aggravated sexual assault of a child. TEX.PENAL CODE ANN. § 22.-021(a)(2)(B) (Vernon 1974). He was convicted and the court assessed punishment at imprisonment for sixty years for each offense. We affirmed the trial court's judgment on April 1, 1993 and appellant filed a petition for discretionary review. The Court of Criminal Appeals granted appellant's petition, vacated our judgment, and remanded the case to us for reconsideration of the issues raised on original appeal. *Jack v. State,* 871 S.W.2d 741 (Tex.Crim.App.1994).

On original submission, we affirmed the trial court's judgment under the *Helms* rule. *See Helms v. State,* 484 S.W.2d 925 (Tex. Crim.App.1972). We held that where a plea of guilty is voluntarily and understandingly entered without the benefit of a plea bargain, all nonjurisdictional defects are waived. The Court of Criminal Appeals reversed our decision holding that the *Helms* rule does not apply to nonjurisdictional complaints that arose after the entry of the plea. On original submission, appellant claimed the trial court erred in admitting evidence of unadjudicated extraneous offenses at a punishment hearing.

Appellant entered guilty pleas on March 30, 1992, pursuant to an agreement by which he would plead guilty, a presentence investigation (PSI) would be conducted, the trial court would assess punishment without an agreed recommendation, and other accusations against appellant would be dismissed. The trial court deferred finding appellant guilty pending preparation of the PSI.

The trial court reconvened on May 27, 1992, at which time the presentence report was admitted into evidence. After admission of the report, the State called two witnesses to testify to unadjudicated extraneous of-fenses allegedly committed seventeen years earlier. Appellant objected that the admission of those offenses violated article 37.-07(3)(a) of the Code of Criminal Procedure. The trial court overruled appellant's objections. In three points of error, appellant complains of the admission of the unadjudicated extraneous offenses at the punishment hearing.

■ Although the trial court in this case did not have the benefit of the Court of Criminal Appeals' decision in *Grunsfeld v. State,* 843 S.W.2d 521, 526 (Tex.Crim.App. 1992), pursuant to that court's historical construction of the term "prior criminal record" the evidence of extraneous unadjudicated offenses was improperly admitted. The trial court erred in allowing evidence of the offenses allegedly committed seventeen years earlier.

The State, in its brief, argues that *Grunsfeld* does not apply where the defendant has pleaded guilty or nolo contendere and a presentence investigation is conducted. Article 37.07(3)(a) states:

> Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including the prior reputation of the defendant, his general reputation and his character.

The first phrase of section 3(a) clearly refutes the State's contention that appellant's guilty plea opened the door to the admission of unadjudicated extraneous offenses at the punishment hearing.

■ When we find error in the proceedings of the court below, the error is reversible unless we determine beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment. *Harris v. State,* 790 S.W.2d 568, 584 (Tex. Crim.App.1989); TEX.R.APP.P. 81(b)(2). At the conclusion of appellant's sentencing hearing, the trial court stated:

> Two ladies that testified of course counsel appropriately at least for the record objected to those but the Court noted that that testimony was testimony relevant to assist the Court in the overall sentencing that being the D__ girls, one of them name

M__ now and G__ M__ D__ and the impact it's had upon them and the impact of course it had on the children.

\*       \*       \*       \*       \*       \*

And hopefully in your next 15 years if you're able to survive that long that each day you think about that damage and all we can do is hope that other pedophiles and other individuals that are in your situation take heed by this sentence. That those kids will not live normal lives, they will not be sexually compatible and will not be happy. They'll be like the D__ girls who always have to worry about where their kids are and who's near them. Because of individuals like you who are not able to control your urges and your impulses. You having nothing further in legal opposition to say it is the order of this Court that you be sentenced to 60 years' confinement in . . . the Texas Department of Criminal Justice, their Institutional Division.

In light of the trial court's comments, we have no doubt the admission of the unadjudicated extraneous offenses contributed to appellant's punishment. The judgment of the trial court is reversed with regard to punishment and the case is remanded to the trial court for proceedings consistent with article 44.29(b) of the Code of Criminal Procedure.