Jose Andres **FUENTES**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 06–97–00155–CR.

Court of Appeals of Texas, Texarkana.

Submitted Jan. 15, 1998.

Decided Jan. 16, 1998.

---

J. Rex Barnett, Doug Emerson, Fort Worth, for appellant.

Curtis James Jenkins, Asst. Crim. Dist. Atty., Fort Worth, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

CORNELIUS, Chief Justice.

Jose Fuentes was convicted of murder and was assessed punishment at fifteen years' confinement.

Fuentes entered a nonnegotiated plea of guilty. He personally testified at the punishment stage of the trial and freely admitted his guilt.

On appeal, Fuentes raises only one point of error. He contends that the rule, announced in *Helms v. State,* 484 S.W.2d 925 (Tex.Crim. App.1972), that a nonnegotiated plea of guilty waives all nonjurisdictional defects violates due process as guaranteed by the United States and the Texas Constitutions. We reject this contention and affirm the judgment.

■ There is no constitutional right to appeal a criminal conviction. *Phynes v. State,* 828 S.W.2d 1, 2 (Tex.Crim.App.1992). The right to appeal a criminal conviction is a purely statutory right. TEX.CODE CRIM. PROC. ANN. art. 44.02 (Vernon 1979); *Watson v. State,* 924 S.W.2d 711, 713 (Tex.Crim.App. 1996). There is no *jurisdictional limit* on the right to appeal a criminal conviction, provided the applicable procedural rules are followed, but the right to appeal may be waived. *Helms v. State, supra.*

■ By entering a voluntary and knowing plea of guilty, Fuentes waived his right to appeal all nonjurisdictional matters occurring before his plea. *Helms v. State, supra.* The waiver covered all claimed deprivations of federal due process. A voluntary and knowing waiver does not itself violate due process. *Helms v. State, supra.*

Fuentes asks that we refuse to follow the decision in *Helms v. State.* We decline to do so. We believe the decision in *Helms* is correct, and we are obligated to follow the decisions of our Court of Criminal Appeals.

■ Fuentes also waived his right to appeal because he signed an express waiver of that right. He has made no claim that his signed waiver was involuntary or unknowing.

■ Moreover, Fuentes voluntarily took the stand at the punishment stage of the trial and admitted his guilt. That also waived any error in the trial, including the insufficiency of the evidence. *DeGarmo v. State,* 691 S.W.2d 657 (Tex.Crim.App.1985).

For the reasons stated, the judgment of the trial court is affirmed.