Bracie Eugene Rogers















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-154-CR

     BRACIE EUGENE ROGERS,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 177th District Court
Harris County, Texas
Trial Court # 751,908
                                                                                                                
  
O P I N I O N
                                                                                                                
   
      Appellant Rogers appeals his conviction for aggravated sexual assault of a child, for which
he was sentenced to 16 years in the Institutional Division of the Texas Department of Criminal
Justice.
      H. B., a child thirteen-years-of-age, was walking from the picture show at Northline Mall
when Appellant drove by and offered her a ride home. The child agreed and entered Appellant's
vehicle. Appellant drove to the 1000 block of Granville where he demanded that complainant
remove her clothes. She refused and Appellant placed a knife to her throat and threatened her if
she would not comply with his demands. He proceeded to place his penis in her vagina. 
Afterwards he abandoned her at 1000 Granville where she walked to a nearby service station and
called the police.
      Appellant was indicted and, on September 15, 1997, entered an open plea of guilty. There
was no plea bargain. The trial court found there was sufficient evidence to support a finding of
guilt but deferred a finding of guilt until a pre-sentence investigation could be completed.
      The pre-sentence investigation was completed and Appellant came up for a punishment
hearing on November 18, 1997. Appellant's counsel asked the court to grant Appellant probation
with the ordinary conditions and terms which the court ordinarily imposes in this type of case. 
The State opposed probation.
      The trial court then found Appellant guilty of aggravated sexual assault of a child and
sentenced him to 16 years in prison.
      At the hearing on September 15, 1997, Appellant pled guilty, stipulated that the allegations
in the indictment were true, and that there was no agreed recommendation. Appellant and his
counsel both signed that Appellant knowingly and voluntarily signed the stipulation after the
consequences had been fully discussed. The court found that Appellant had knowingly and
voluntarily entered his plea of guilty after the court admonished him of the consequences of his
plea and that he appeared mentally competent and that the plea was free and voluntary. The court
later assessed Appellant's punishment and sentenced him accordingly.
      By different counsel Appellant appeals on one point of error: "The trial court abused its
discretion in not conducting a hearing on Appellant's motion for new trial to determine whether
he entered his plea voluntarily and whether he had received effective assistance of counsel."
      On September 15, 1997, Appellant entered an open plea of guilty. On November 18, 1997,
the trial court assessed Appellant 16 years in prison and rendered judgment in accord therewith.
      Appellant filed written notice of appeal on December 9, 1997, and filed two motions to
withdraw his guilty plea (after judgment had already been rendered) on January 15, 1998, and on
February 18, 1998. Both motions were denied by the trial court.
      In his motions to withdraw his guilty plea, Appellant asserts his plea was not made
intelligently or voluntarily because he did not have effective assistance of counsel. He claims his
counsel promised he would get probation if he pled guilty.
      Appellant asserts his motions to withdraw his guilty plea were the functional equivalent of a
motion for a new trial. Assuming, without deciding, that is true, Appellant's motions were still
untimely filed. A defendant may file a motion for new trial before, but no later than, 30 days after
the date where the trial court imposes or suspends sentence in open court. Tex. R. App. P. 21.4. 
A trial court cannot grant a motion for new trial once the time limits have expired. Drew v. State,
743 S.W.2d 207, 223 (Tex. Crim. App. 1987).
      As noted, Appellant was sentenced on November 18, 1997, and filed his two motions to
withdraw his plea of guilty (new trial as he denominates them) January 15, 1998, and February
18, 1998, some 58 and 89 days after sentencing.
      Further Appellant cannot complain on appeal that the trial court erred by not conducting a
hearing because he never requested a hearing. Martin v. State, 823 S.W.2d 395, 397 (Tex.
App.—Texarkana 1992, pet ref'd).
      Moreover, where there is no plea bargain, as in this case, and a plea of guilty is voluntarily
and understandably made, all non jurisdictional defects are waived. Shallhorn v. State, 732
S.W.2d 636, 637 Tex. Crim. App. 1987); Helms v. State, 484 S.W.2d 925, 927 (Tex. Crim. App.
1972); Hall v. State, 853 S.W.2d 757, 758 (Tex. App.—Houston [14th Dist.], pet ref'd). In Hall,
supra, the court specifically held that the above rule waives any error with respect to alleged
ineffective assistance of counsel.
      For all of the above reasons, Appellant's point and contentions are overruled. The judgment
is affirmed.
 
                                                                         FRANK G. McDONALD
                                                                         Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Vance and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed January 27, 1999
Do not publish