William Arthur Daw, Jr. v. State of Texas
















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-196-CR

     WILLIAM ARTHUR DAW, JR.,
                                                                              Appellant
     v.

     STATE OF TEXAS,
                                                                              Appellee
 

From the 18th District Court
Johnson County, Texas
Trial Court # 33096
                                                                                                                
   
OPINION
                                                                                                                
   
      William Arthur Daw, Jr. pleaded guilty to twenty-three counts of burglary of a habitation
without the benefit of a plea recommendation from the State. See Act of May 29, 1993, 73d
Leg., R.S., ch. 900, § 1.01, sec. 30.02(a)(1), (3), 1993 Tex. Gen. Laws 3586, 3633 (amended
1999) (current version at Tex. Pen. Code Ann. § 30.02(a)(1), (3) (Vernon Supp. 2000)). On
counts one through twenty-two, the court sentenced Daw to ten years’ imprisonment. On
count twenty-three, the court likewise sentenced Daw to ten years’ imprisonment but
suspended imposition of sentence and placed him on community supervision for a period of ten
years. Daw claims in a single issue that the court erred in accepting his guilty plea without
complying with article 1.15 of the Code of Criminal Procedure. See Tex. Code Crim. Proc.
Ann. art. 1.15 (Vernon Supp. 2000).
BACKGROUND
      According to the reporter’s record, Daw pleaded guilty in open court on March 22, 1999. 
After Daw entered his plea, the court showed him a document entitled a “Guilty Plea
Memorandum.” The court referred to this document as “State’s Exhibit No. 1.” The clerk’s
record contains such a document, and each page of this document bears the notation “State’s
Exhibit 1" in the bottom-right margin. The court asked him whether his signature appears on
the document “above where it says ‘Defendant.’” Daw responded in the affirmative. The
court asked him whether he:
      •    had read and understood the paragraph immediately preceding each of his fifteen
signatures on the memorandum;
 
      •    had an opportunity to consult with counsel concerning any questions he may have had
about the information contained in the memorandum; and
 
      •    understood that by signing the memorandum he was “waiving certain statutory and
constitutional rights” including the right to jury trial.

Daw answered each of these questions affirmatively.
      Daw orally informed the court that he wished to testify and was voluntarily waiving his
right to remain silent. Daw’s counsel called him to the stand “and tender[ed] him to [the
prosecutor] for cross-examination.” Daw testified that he is guilty of the twenty-three counts
of burglary alleged in the indictment. He further stated that he gave a written statement to a
sheriff’s deputy in which he described his participation in the offenses. He agreed that this
statement is “true and correct as to [his] participation” in the offenses. The court accepted
Daw’s guilty plea, found him guilty as charged, and rescheduled the matter for a punishment
hearing the next day. 
      During the punishment hearing, the State introduced the testimony of nine witnesses and
offered four exhibits in evidence. State’s exhibit number one offered at punishment is Daw’s
written confession.


 Daw and his mother testified for the defense. He again affirmed the
veracity of his confession. He also testified about his involvement in the burglaries. On cross-examination, he re-affirmed that he is guilty of the burglaries. The court sentenced him as
indicated above.
WAIVER UNDER THE HELMS RULE
      Daw contends in his sole issue that the court erred in accepting his guilty plea when the
State did not formally offer in evidence the written waiver and stipulation of evidence required
by article 1.15. The State relies on the so-called Helms rule to argue that Daw has waived the
right to complain about compliance with article 1.15 because noncompliance with the statute
would be a nonjurisdictional error which arose prior to entry of his guilty plea. See Helms v.
State, 484 S.W.2d 925, 927 (Tex. Crim. App. 1972).
      According to the Helms rule, a voluntary guilty plea made without a plea recommendation
conclusively establishes the guilt of the defendant and waives all nonjurisdictional errors which
may have occurred before entry of the guilty plea. Lewis v. State, 911 S.W.2d 1, 4-5 (Tex.
Crim. App. 1995); Helms, 484 S.W.2d at 927. The Helms rule does not apply to errors
“occurring at or after entry of [the] plea.” Jack v. State, 871 S.W.2d 741, 744 (Tex. Crim.
App. 1994).



      In this case, Daw questions whether the State properly presented the stipulation of
evidence required by article 1.15. This constitutes an allegation of error at the time of the
entry of the guilty plea. Thus, the Helms rule does not bar Daw from asserting his complaint
on appeal. See id. 
COMPLIANCE WITH ARTICLE 1.15
      Article 1.15 requires the State “to introduce evidence into the record showing the guilt of
the defendant.” Tex. Code Crim. Proc. Ann. art. 1.15.
The evidence may be stipulated if the defendant in such case consents in writing, in
open court, to waive the appearance, confrontation, and cross-examination of
witnesses, and further consents either to an oral stipulation of the evidence and
testimony or to the introduction of testimony by affidavits, written statements of
witnesses, and any other documentary evidence in support of the judgment of the
court. Such waiver and consent must be approved by the court in writing, and be
filed in the file of the papers of the cause.
 
Id. 
      Daw’s “Guilty Plea Memorandum” contains a section entitled “Stipulation of Evidence
and Waiver of Confrontation” which constitutes an almost verbatim waiver of the rights
expressed in this section of article 1.15. Although the trial court did not ask Daw whether he
understood that he was waiving these particular rights, the court did ask whether he understood
that he was “waiving certain statutory and constitutional rights.” Thus, we conclude that
Daw’s memorandum constitutes a sufficient written waiver of “the appearance, confrontation,
and cross-examination of witnesses” as required by article 1.15.
      Daw consented to a stipulation of evidence consistent with article 1.15. Such a stipulation
“includes inter alia agreements as to what particular evidence or testimony would be, if
presented in full in open court.” Stone v. State, 919 S.W.2d 424, 426 (Tex. Crim. App. 1996)
(quoting Robinson v. State, 739 S.W.2d 795, 800 n.5 (Tex. Crim. App. 1987) (per curiam)). 
      Although the record contains Daw’s consent to a stipulation, the record contains no
stipulation of evidence. See Messer v. State, 729 S.W.2d 694, 698 (Tex. Crim. App. 1986)
(op. on reh’g). Instead, the record contains Daw’s “Sworn Judicial Confession” which
appears in the memorandum and his testimony admitting his guilt of all twenty-three
burglaries. A judicial confession filed in the clerk’s record constitutes “evidence introduced
into the record” which may be considered by an appellate court in deciding whether the State
met its evidentiary burden under article 1.15. Pitts v. State, 916 S.W.2d 507, 510 (Tex. Crim.
App. 1996).
      A judicial confession, standing alone, suffices to establish the guilt of a defendant who has
pleaded guilty and to satisfy article 1.15. Dinnery v. State, 592 S.W.2d 343, 353 (Tex. Crim.
App. [Panel Op.] 1980) (op. on reh’g); Monse v. State, 990 S.W.2d 315, 318 (Tex.
App.—Corpus Christi 1999, pet. ref’d). In Daw’s case, the clerk’s record contains a written
judicial confession, and the reporter’s record contains Daw’s oral judicial confession. Thus,
the State satisfied its burden under article 1.15 “to introduce evidence into the record showing
the guilt of the defendant.” Tex. Code Crim. Proc. Ann. art. 1.15.
 

      Accordingly, we overrule Daw’s sole issue and affirm the judgment.
 
                                                                               REX D. DAVIS
                                                                               Chief Justice


Before Chief Justice Davis
            Justice Vance and
            Justice Gray
Affirmed
Opinion delivered and filed April 12, 2000
Publish