**Pedro Garcia SOTO, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–00–00831–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 1, 2001.

Dissenting Opinion on Denial of
Rehearing En Banc July 12, 2001.

Brian W. Wice, Houston, for appellant.

John B. Holmes, Carol M. Cameron, Houston, for the State.

Panel consists of Chief Justice SCHNEIDER and Justices TAFT and BRISTER.

## OPINION

SCHNEIDER, Chief Justice.

Appellant was charged with possession with intent to deliver a controlled substance and entered a no contest plea. The trial court assessed punishment at 50 years in prison and imposed a $5,000 fine. We affirm.

### Procedural Background

Appellant was charged with possession with intent to deliver cocaine weighing at least 400 grams. Defense counsel filed a pre-trial motion to suppress. The motion was denied, and appellant pled nolo contendere without an agreed recommendation. The judgement and sentence was signed on November 2, 1998.

Appellant filed a notice of appeal on November 20, 1998. In an unpublished opinion delivered on July 15, 1999, 'the First Court of Appeals, upon the appellant's own motion, dismissed the appeal.[1] *Soto v. State*, No. 01–98–01414–CR, 1999 WL 498563 (Tex.App.—Houston [1st Dist.] July 15, 1999) (unpublished).

In a post-conviction writ of habeas corpus, appellant complained to the Court of Criminal Appeals that his trial counsel did not tell him a no contest plea without an agreed recommendation would preclude his right to appeal the ruling on the pre-trial motion to suppress. The Court of Criminal Appeals granted relief based upon appellant's post-conviction writ of habeas corpus.[2] The court issued its mandate granting the appellant an out-of-time appeal on May 1, 2000 for appellate review of the pre-trial motion to suppress. The court's per curiam opinion explains:

> In the instant petition Applicant contends, *inter alia*, that he was denied his right to an efficacious appeal because his trial attorney did not tell him that he was waiving the right to have the ruling on a pre-trial motion reviewed by entering into a non-negotiated plea. The trial court entered findings of fact and conclusions of law in which it was recommended that Applicant be granted an out-of-time appeal due to the failure of the trial attorney to advise his client of this waiver. We agree with this recommendation. Habeas corpus relief is granted and *Applicant is granted an out-of time appeal of the pre-trial motion to suppress in his conviction* in cause number 784180 from the 228th District Court of Harris County.

*Soto v. State*, No. 73758 (Tex.Crim.App. April 5, 2000) (unpublished) (citations omitted) (emphasis added).

### Analysis

Appellant's brief fails to address the pre-trial motion to suppress. Instead, appellant argues his plea was involuntary because of his trial counsel's ineffective assistance. Appellant has already had an opportunity to raise these issues in his first appeal, and such argument is considered untimely. Unlike the pre-trial motion to suppress, the *Helms* rule did not preclude appellant from raising involuntariness because of ineffective assistance. *See Helms v. State*, 484 S.W.2d 925, 927 (Tex.

---

1. At that time, the *Helms* rule was still in effect. *See Helms v. State*, 484 S.W.2d 925, 927 (Tex.Crim.App.1972) (holding that a plea of nolo contendere or guilty without an agreed recommendation as to punishment waives an appellant's right to complain about the trial court's ruling on a pre-trial motions to suppress).

2. The Court of Criminal Appeals had just abrogated the *Helms* rule. *See Young v. State*, 8 S.W.3d 656 (Tex.Crim.App.2000) (permitting a defendant to plead guilty or nolo contendere but then appeal his pre-trial motion to suppress).

Crim.App.1972). Appellant's arguments on appeal go beyond the scope of habeas relief granted by the Court of Criminal Appeals.

The Court of Criminal Appeals granted habeas relief specifically so appellant could appeal the pre-trial motion to suppress. He has not done so. We do not consider any other issues raised in this appeal because appellant has already had an opportunity to request review of all relevant issues with the exception of the motion to suppress. Accordingly, we overrule the point of error.

### Conclusion

We affirm the judgment of the trial court.

MIRABAL, J., dissenting on denial of rehearing en banc.

I respectfully dissent from the overruling of appellant's motion for rehearing en banc.

The issue involved is straightforward: When an out-of-time appeal is granted, with all appellate time tables to start running anew, can the appellant file a notice of appeal, motion for new trial, and appellate brief raising all grounds of possible reversible error? When a defendant is returned "to the point at which he can give notice of appeal," does he get to "start over" as though the trial court's judgment had just been entered? In my opinion, the correct answer is "yes."

The procedural history of this case is interesting. After his motion to suppress was overruled, appellant pled no contest, without an agreed recommendation, and he was convicted and sentenced to 50 years confinement. No motion for new trial was filed, and therefore no record was developed at that time to support appellant's later-raised claim that he had received ineffective assistance of counsel. Appellant

filed an application for post-conviction writ of habeas corpus alleging that his plea of no contest "was involuntarily and unknowingly entered as a result of his trial counsel's failure to render reasonably effective assistance of counsel." The application lists four separate allegations of deficient conduct by trial counsel. The Court of Criminal Appeals opinion states:

> Habeas corpus relief is granted and Applicant is granted an out-of-time appeal of the pre-trial motion to suppress in his conviction.... The proper remedy in a case such as this is to return Applicant to the point at which he can give notice of appeal. For purposes of the Texas Rules of Appellate Procedure, all time limits shall be calculated as if the conviction had been entered on the day that the Mandate of this Court issues. We hold that Applicant, should he desire to prosecute an appeal, must take affirmative steps to see that notice of appeal is given within thirty days after the Mandate of this Court has issued.

Appellant thereafter timely filed a motion for new trial asserting that his plea of no contest was involuntary due to his having received ineffective assistance of counsel, as follows:

1. Trial counsel failed to discover that appellant's prior felony conviction for the felony offense of driving while intoxicated was invalid and unavailable for enhancement purposes.

2. Trial counsel failed to discover that one of appellant's prior convictions for the misdemeanor offense of DWI was ultimately set aside and unavailable for enhancement purposes.

3. Trial counsel failed to explain to appellant that his mere presence and even knowledge that a crime was being committed were insufficient in and of themselves to sustain his con-

viction as a party to the offense for which he pled guilty.

The motion for new trial was supported by the affidavits of appellant, his trial counsel, and an expert witness. Trial counsel's affidavit states, in part:

> There was no trial strategy that explains any of my conduct in the above and foregoing paragraphs. I believe that my failure to familiarize myself with the law applicable to my client's case resulted in the waiver of a potentially meritorious defense and constituted objectively deficient conduct on my part.

The attorney expert witness affidavit states, in part:

> I am of the opinion that Mr. Soto's trial counsel ... was constitutionally ineffective in failing to investigate the validity of Mr. Soto's prior DWI conviction, in failing to sufficiently familiarize himself with the law surrounding the validity of prior convictions, ... and in failing to advise Mr. Soto with respect to what the State would have to prove in order to have sufficient evidence with which to convict Mr. Soto.

The affidavit continues with supporting expert opinion about what reasonably competent trial counsel would have done, the lack of a legitimate trial strategy for the omissions of appellant's trial counsel, and the prejudice suffered by appellant.

The trial court conducted a hearing on the motion for new trial. Following the denial of the motion for new trial, appellant perfected an appeal to this Court, asserting in a sole point of error that his plea of no contest was involuntarily and unknowingly entered as a result of his trial counsel's failure to render reasonably effective assistance of counsel. Appellant's brief complains about the same conduct of his trial counsel that he attacked through his motion for new trial and supporting evidence.

The majority opinion in this case holds that we will not consider the merits of appellant's complaints because they are "untimely." However, it is clear that, until appellant developed a record through the habeas corpus proceeding and later motion for new trial hearing, he could not support his claim of ineffective assistance of counsel. *See Thompson v. State,* 9 S.W.3d 808, 814 n. 6 (Tex.Crim.App.1999) (recognizing that, in vast majority of cases, undeveloped record on direct appeal will be insufficient for appellant to satisfy dual prongs of *Strickland*[1]).

When the Court of Criminal Appeals returned appellant "to the point at which he can give notice of appeal ... as if the conviction had been entered on the day that the mandate of the Court of Criminal Appeals issues," appellant was afforded the opportunity to file a motion for new trial raising any issue deemed meritorious by his appellate counsel. Accordingly, we should reach the merits of appellant's ineffective assistance of counsel claims.

A majority of the justices of the Court voted to overrule the motion for rehearing en banc.

Justice MIRABAL, dissenting from the overruling of appellant's motion for rehearing en banc.

Justices COHEN and WILSON join Justice Mirabal's opinion dissenting from the denial of the en banc rehearing.

1. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).