NO. 07-01-0483-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



AUGUST 19, 2002



______________________________




JACINTO SANTOS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2000-434,638; HONORABLE BRADLEY S. UNDERWOOD, JUDGE



_______________________________



Before BOYD, C.J., and QUINN and JOHNSON, JJ.

 Appellant Jacinto Santos brings this appeal from his conviction for the felony offense
of driving while intoxicated after an open plea of guilty. The trial court assessed his
punishment, enhanced by two prior convictions, at eight years confinement in the
Institutional Division of the Texas Department of Criminal Justice. After denial of his
motion for new trial, appellant filed a timely notice of appeal. Finding no merit in the
appeal, we affirm.

 Appellant's appointed attorney has filed a motion to withdraw and a brief certifying
that he has examined the record and found no meritorious grounds to support the appeal. 
See Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and
Gainous v. State, 436 S.W.2d 137 (Tex.Crim.App. 1969). He has provided a copy of the
brief to appellant and advised him of his right to file a pro se brief. See Johnson v. State,
885 S.W.2d 641 (Tex.App.--Waco 1994, pet. ref'd). Appellant has failed to file a brief.

 In considering requests to withdraw such as this, we face two interrelated tasks. We
must first satisfy ourselves that the attorney has provided the client with a diligent and
thorough search of the record for any arguable claim that might support the client's appeal. 
We must then determine if counsel has correctly concluded the appeal is frivolous. See
McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 442, 108 S.Ct. 1895, 100 L.Ed.2d
440 (1988), and Johnson, 885 S.W.2d at 646. Counsel's brief cites to those portions of
the record where appellant was admonished of his rights, indicated his understanding of
those rights and his intent to waive them. 

 Counsel also cites Helms v. State, 484 S.W.2d 925 (Tex.Crim.App. 1972), for the
proposition that an open plea of guilty waives any non-jurisdictional error. However, the
rule stated in Helms was modified in Young v. State, 8 S.W.3d 656 (Tex.Crim.App. 2000), 
to provide that a plea of guilty waives the right to assert error on appeal only when the
judgment of guilt was rendered independent of, and not supported by, the error. Id. at 667. 
Here, the record does not reveal any error in the trial court's judgment, so the modification
stated in Young is inapplicable. 

 After an independent review of the record, we agree with counsel's determination
that it presents no meritorious grounds which would support an appeal. We must, and
hereby do, affirm the judgment of the trial court. We also grant counsel's motion to
withdraw. 


 John T. Boyd

 Chief Justice


Do not publish.



etition alleged BKC was the alter ego of Bates and sought to impose
personal liability on him. Bates and BKC filed a joint answer consisting of a general denial
and asserting the defense of limitations to "some or all" of the claims. 

 After a bench trial at which de Tournillon, his son Bill de Tournillon Jr., and Bates
testified, the court entered judgment for KCWF against BKC for $87,850 and against Bates
for $44,005.28. (3) This appeal followed. 

 Appellants' prayer for relief on appeal asks that we address their first issue, in which
they complain of the trial court's denial of a motion for new trial, only if we overrule their
second issue. (4) Accordingly, we begin with the second, by which appellants challenge the
legal and factual sufficiency of the evidence supporting the trial court's piercing of the
corporate veil and imposing of personal liability on Bates. (5) Finding the evidence legally
insufficient, we sustain the issue.

 In findings of fact relevant to this issue, the trial court found (1) Bates "looted" the
three stores preventing KCWF from reopening, (2) Bates acted with fraudulent intent in
removing equipment and inventory in violation of the lease, (3) he "committed actual fraud
in removing the equipment to the detriment of Bates Kwik Change and Kwik Change of
Wichita Falls, Inc.," and (4) "as a result of the actual fraud by Charles Bates, Kwik Change
of Wichita Falls, Inc. suffered damages in an amount of $44,005.28."

 A legal sufficiency point will be sustained when: (a) there is a complete absence of
evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving
weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove
a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the
opposite of a vital fact. Merrell Dow Pharm., Inc. v. Havner, 953 S.W. 2d 706, 711 (Tex.
1997). More than a scintilla, and thus legally sufficient, evidence of the existence of a vital
fact is present when the evidence furnishes some reasonable basis for differing
conclusions by reasonable minds about the fact's existence. Lee Lewis Const.v. Harrison,
70 S.W.3d 778, 782-83 (Tex. 2001).

 Imposition of liability on a corporate shareholder for the contractual obligation of the
corporation on an alter ego or similar theory requires proof that the shareholder (1) caused
the corporation to be used for the purpose of perpetrating; and (2) did perpetrate an actual
fraud on the contractual obligee primarily for the direct personal benefit of the shareholder. 
Tex. Bus. Corp. Act Ann. art. 2.21.A(2) (Vernon 2003); (6)
 Harco Energy, Inc. v. Re-Entry
People, Inc., 23 S.W.3d 389, 393 (Tex.App.-Amarillo 2000, no pet.); Menetti v. Chavers,
974 S.W.2d 168, 173 (Tex.App.-San Antonio 1998, no pet.). Most cases applying the
"actual fraud" standard under article 2.21.A(2) have used a definition of fraud that requires
a material misrepresentation. See, e.g., Harco Energy, 23 S.W.3d at 393; Huff v. Harrell,
941 S.W.2d 230 (Tex.App.-Corpus Christi 1996, writ denied), both citing T.O. Stanley Boot
Co. v. Bank of El Paso, 847 S.W.2d 218 (Tex. 1993). The court stated in Castleberry v.
Branscum, 721 S.W.2d 270 (Tex. 1986), that actual fraud in the context of piercing the
corporate veil "usually involves dishonesty of purpose or intent to deceive." Id. at 273;
Menetti, 974 S.W.2d at 174. 

 Appellees contend the evidence shows that BKC was formed and used to perpetrate
a fraud on its creditors including KCWF. In support of the contention, they first rely on
evidence that BKC was undercapitalized. (7) Bates testified that the corporation's paid-in
capital at the time of its incorporation in 1991 was limited to the statutory minimum $1000. 
Mr. de Tournillon testified that Bates could not make the initial $8000 lease payment at the
time they entered the lease but had to pay it from the business's cash flow. For purposes
of disposition of this issue, we assume, arguendo, that the evidence is sufficient to
establish that BKC was inadequately capitalized. Its minimum capitalization in 1991,
though, provides no evidence of the corporation's use to perpetrate a fraud on KCWF in
1999, after some eight years of operation. 

 Appellees further contend the evidence cited by the trial court in its findings,
concerning Bates's "looting" of the three stores and removal of equipment and inventory,
supports the imposition of personal liability. Even inferring an intent to deceive from his
removal of the equipment and inventory to the storage facility, the evidence fails to meet
the requirements of article 2.21.A(2). The evidence was undisputed that the equipment
and inventory Bates removed from the stores was, before its removal, being used by BKC
in its business, and that the items were subject to BKC's lease agreement with KCWF and
its agreements with third party suppliers. Article 2.21.A(2) required appellees to show that
the actual fraud perpetrated on KCWF was primarily for Bates' direct personal benefit. 

 We contrast the facts presented here with that in other cases in which courts have
considered the "direct personal benefit" requirement. Rutherford v. Atwood, No. 01-00-0113-CV, 2003 WL 22053687 (Tex.App.-Houston [1st Dist.] August 29, 2003, no pet.); 
Farr v. Sun World Sav. Ass'n, 810 S.W.2d 294 (Tex.App.-El Paso, 1991, no writ). In Farr,
a mortgage company shareholder and president fraudulently obtained proceeds of a
pledged promissory note. The court found the direct personal benefit element of article
2.21.A(2) was met because he used part of the proceeds to pay his personal loans. 810
S.W.2d at 298. In Rutherford, evidence showed the corporation's sole shareholder and
officer used corporate funds for personal and family uses such as car payments. (8) 
Appellees argue the evidence shows Bates converted the equipment and inventory to his
own use. We cannot agree. The trial court was free to disbelieve Bates' testimony that
he removed the equipment to storage when he decided to close the stores because he
wanted to insure it was "returned to the proper people," but there is no evidence he
personally made any use of the items or that his actions were otherwise primarily for his
direct personal benefit. Finding no evidence in the record satisfying the statutory
prerequisites of article 2.21.A(2) to the imposition of personal liability on Bates, we must
sustain appellants' second issue. That holding requires reformation of the trial court's
judgment to delete the award against Bates individually. As reformed, the judgment of the
trial court is affirmed. 

 James T. Campbell Justice 
1. Former Chief Justice Phil Johnson was on the panel that heard oral argument. He
did not participate in the decision. Tex. R. App. P. 41.1(b). 
2. Mr. de Tournillon testified he operated the oil-change businesses since the early
1980's, and that he and his wife eventually incorporated KCWF. He testified he leased the
locations to the Bates's corporation "trying to turn over an existing business to a son-in-law
and a daughter, and they could run it and build a future." The parties also had a related
option agreement, under which BKC could buy the locations if it performed its obligations
under the lease.

3. The judgment provided no recovery for Mr. de Tournillon individually.
4. Because we do not reach appellants' first issue, we omit narration of the facts
pertinent to that issue.
5. Appellees did not argue in the trial court, and do not contend here, that Bates has
any direct liability independent of that of BKC.
6. The elements necessary to impose personal liability on a shareholder have been
carried forward in section 21.223 of the Business Organizations Code. See Tex. Bus. Org.
Code, Act of May 29, 2003, 78th Leg., R.S., ch. 182 §1, 2003 Tex.Gen. Laws 265, 427. 
That code became effective January 1, 2006 but the Business Corporation Act continues
in effect until January 1, 2010 for corporations formed before January 1, 2006. 

7. See Castleberry, 721 S.W.2d at 272 n. 3 (noting inadequate capitalization as
"another basis for disregarding the corporate fiction").
8. The court nonetheless found the evidence insufficient to satisfy the direct personal
benefit requirement because the personal draws were not related to the transaction at
issue. Op. at 4-5.