NO. 07-01-0483-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

AUGUST 19, 2002

______________________________

JACINTO SANTOS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 364
TH
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2000-434,638; HONORABLE BRADLEY S. UNDERWOOD, JUDGE

_______________________________

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

Appellant Jacinto Santos brings this appeal from his conviction for the felony offense of driving while intoxicated after an open plea of guilty.  The trial court assessed his punishment, enhanced by two prior convictions, at eight years confinement in the Institutional Division of the Texas Department of Criminal Justice.  After denial of his motion for new trial, appellant filed a timely notice of appeal.  Finding no merit in the appeal, we affirm.

Appellant’s appointed attorney has filed a motion to withdraw and a brief certifying that he has examined the record and found no meritorious grounds to support the appeal.  
See Anders v. California
, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and 
Gainous v. State
, 436 S.W.2d 137 (Tex.Crim.App. 1969).  He has provided a copy of the brief to appellant and advised him of his right to file a pro se brief.  
See
 
Johnson v. State
, 885 S.W.2d 641 (Tex.App.--Waco 1994, pet. ref’d).  Appellant has failed to file a brief.

In considering requests to withdraw such as this, we face two interrelated tasks.  We must first satisfy ourselves that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client’s appeal.  We must then determine if counsel has correctly concluded the appeal is frivolous.  
See McCoy v. Court of Appeals of Wisconsin
, 486 U.S. 429, 442, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988), and 
Johnson
, 885 S.W.2d at 646.  Counsel’s brief cites to those portions of the record where appellant was admonished of his rights, indicated his understanding of those rights and his intent to waive them. 

Counsel also cites 
Helms v. State
, 484 S.W.2d 925 (Tex.Crim.App. 1972), for the proposition that an open plea of guilty waives any non-jurisdictional error.  However, the rule stated in 
Helms
 was modified in 
Young v. State
, 8 S.W.3d 656 (Tex.Crim.App. 2000),  to provide that a plea of guilty waives the right to assert error on appeal only when the judgment of guilt was rendered independent of, and not supported by, the error.  
Id.
 at 667.  Here, the record does not reveal any error in the trial court’s judgment, so the modification stated in 
Young
 is inapplicable.  

After an independent review of the record, we agree with counsel’s determination that it presents no meritorious grounds which would support an appeal.  We must, and hereby do, affirm the judgment of the trial court.  We also grant counsel’s motion to withdraw. 

John T. Boyd

 Chief Justice

Do not publish.