COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-484-CR
 
 
JUAN SALDANA, JR.                                                             APPELLANT
  
V.
  
THE STATE OF TEXAS                                                                  STATE
  
------------
 
FROM THE 43RD 
DISTRICT COURT OF PARKER COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Juan 
Saldana, Jr. appeals from his felony conviction for the offense of possession of 
marihuana fifty to two-thousand pounds. In his sole point, he contends that the 
trial court erred by failing to grant his motion to suppress. We affirm.
Standard of Review
        We 
review the denial of a motion to suppress for abuse of discretion, giving almost 
total deference to a trial court's determination of historical facts and 
reviewing de novo the court's application of the law. Carmouche v. State, 
10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000); Oles v. State, 993 S.W.2d 
103, 106 (Tex. Crim. App. 1999). At a suppression hearing, the trial judge is 
the sole trier of fact and judge of the credibility of the witnesses and the 
weight to be given their testimony. State v. Ross, 32 S.W.3d 853, 855 
(Tex. Crim. App. 2000); Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. 
App. 1990). Thus, the trial court may disbelieve any portion of a witness's 
testimony, even if the testimony is uncontroverted. Ross, 32 S.W.3d at 
855; Allridge v. State, 850 S.W.2d 471, 492 (Tex. Crim. App. 1991), cert. 
denied, 510 U.S. 831 (1993).
Facts and Discussion
        Following 
appellant’s guilty plea,[2] the jury convicted 
appellant for the felony offense of possession of more than fifty, but less than 
two-thousand pounds of marihuana and assessed his punishment at eighteen 
years’ confinement. Before trial, appellant filed a motion to suppress 
evidence obtained during the search of his truck. During the suppression 
hearing, the State called Parker County Sheriff's Department Officer Mark 
Fletcher who was assigned to the Cross Timbers Narcotics Task Force to testify. 
He testified that during the early morning hours of January 26, 2002, he saw a 
Ford pickup driving very slowly, cross over the shoulder line and dividing lines 
of the highway. Officer Fletcher turned on his camera and recorded the weaving 
of the truck. He pulled the truck over and spoke to the driver who identified 
himself as appellant.
        Officer 
Fletcher testified that appellant gave him all the required papers and explained 
that he weaved because the steering was loose. Officer Fletcher became 
suspicious of appellant when he noticed appellant had only two keys on his 
keyring, had no luggage for his trip from El Paso to Weatherford, was sweating 
although it was very cold outside, and that he smiled continuously through the 
stop.
        Regardless 
of these “criminal indicators,” Officer Fletcher testified that he decided 
not to give appellant a ticket and after he finished recording information on 
the stop at his patrol car, he walked back to appellant’s truck to return 
appellant’s license. He walked up to appellant’s truck and told appellant 
that he was not going to give him a ticket and that appellant was free to go. 
While Officer Fletcher was doing this, he noticed that appellant had turned his 
truck off. Officer Fletcher then became more suspicious of appellant because 
drug smugglers who hide drugs in their gas tanks often turn their cars off to 
conserve fuel.
        After 
telling appellant he was free to go, Officer Fletcher asked appellant if he 
would mind staying to talk to him a little longer. Appellant agreed. Officer 
Fletcher told appellant that it was his job to search for contraband. He asked 
appellant whether he had any contraband in his truck and appellant stopped 
smiling and said, “no.” Officer Fletcher asked appellant if he could search 
the truck and appellant said, “yes.” At no time did appellant revoke his 
consent to the search.
        Officer 
Fletcher testified that during the search, he noticed that appellant’s gas 
tank was covered in mud.[3]  Officer Fletcher 
told appellant that he wanted to use a fiber-optic scope to look in the gas 
tank. Appellant did not voice an objection. With the scope, Officer Fletcher 
found multiple bulging steel boxes in the gas tank that he suspected contained 
drugs. He placed appellant into custody. A subsequent inventory search uncovered 
five steel boxes in the gas tanks containing over 150 pounds of marihuana.
        Appellant 
also testified at the suppression hearing. Appellant admitted that he gave 
Officer Fletcher consent to search his truck, but intended that the scope of the 
consent extend only to the cab and the outside of the truck. Appellant claimed 
that he did not give him consent to search the gas tank with the fiber-optic 
scope. However, appellant did not voice any objections when Officer Fletcher 
asked him about using the scope to look in the gas tank.
        The 
trial court admitted the videotape of the stop, which showed the search of 
appellant’s truck. On the tape, Officer Fletcher explains his actions and 
observations during the stop and subsequent search. When Officer Fletcher asked 
appellant, “There’s no illegal drugs or anything like that in the truck 
tonight is there?” Appellant said, “no.” Officer Fletcher asked, “Could 
I search it to make sure?” Appellant responded clearly and said, “Yeah.” 
Later, Officer Fletcher asked appellant if it was alright if he used a special 
tool to look into the truck’s gas tank. Although appellant’s response is not 
audible, it is clear from the officer’s reaction to appellant that appellant 
made no objection to the officer’s search of the gas tank.
Conclusion
        As 
sole trier of fact and judge of the credibility of the witnesses at the 
suppression hearing, the trial court was within its discretion to give more 
weight to the testimony of Officer Fletcher than to appellant’s version of the 
facts. Additionally, the videotape corroborated Officer Fletcher’s testimony 
and clearly showed that appellant consented to the search of his truck. We hold 
that the trial court did not abuse its discretion by denying appellant’s 
motion to suppress evidence from the traffic stop. Appellant’s sole point is 
overruled and the trial court’s judgment is affirmed.
   
                                                                  PER 
CURIAM
  
 
PANEL F:   LIVINGSTON, 
GARDNER, and WALKER, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: May 6, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Under the Helms rule, a knowing and voluntary plea of guilty entered 
without the benefit of a plea bargain waives all nonjurisdictional defects 
occurring before the plea only if the judgment is independent of and not 
supported by the alleged error on appeal. See Young v. State, 8 S.W.3d 
656, 666-67 (Tex. Crim. App. 2000); Helms v. State, 484 S.W.2d 925, 927 
(Tex. Crim. App. 1972). By entering his non-negotiated plea, appellant has not 
waived his right to challenge the voluntariness of the plea or the amount of 
punishment assessed after he entered his plea.
3.  
A method that drug smugglers use to conceal tampering with the gas tank.