In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-04-00477-CR
____________

LARRY EDGAR HARRIS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 263rd District Court
Harris County, Texas
Trial Court Cause No. 877918



 
OPINION ON REHEARING
               We issued a memorandum opinion affirming appellant’s conviction on
June 17, 2004. Harris v. State, No. 01-04-00477-CR (Tex. App.—Houston [1st Dist.]
June 17, 2004) (not designated for publication). Appellant’s counsel filed a timely
motion for rehearing. As we requested, the State filed a response. The motion for
rehearing is granted. We order appellant’s brief on motion for rehearing filed as of
July 12, 2004. We withdraw our opinion and judgment of June 17, 2004, and issue
the following in its place.

               Appellant pleaded no contest to causing serious bodily injury to a child with
an agreement from the State that his punishment would not exceed confinement for
45 years with an affirmative finding of the use of a deadly weapon.


 The trial court
sentenced appellant to confinement for 45 years and, pursuant to the plea, made an
affirmative finding of the use of a deadly weapon. Appellant filed a timely pro se
notice of appeal.

               The Rules of Appellate Procedure provide that in a plea-bargained case in
which the punishment assessed does not exceed the plea agreement, a defendant may
appeal only those matters that were raised by written motion filed and ruled on before
trial, or after obtaining the trial court’s permission to appeal. Tex. R. App. P.
25.2(a)(2). The trial court’s certification of appellant’s right to appeal states that this
is a plea-bargained case and appellant has no right to appeal. Id. The clerk’s record
and the reporter’s record support the certification.

               Appellant argues on rehearing that he has the right to appeal jurisdictional
errors that are apparent from the record, citing article 44.02 of the Code of Criminal
Procedure as authority. Tex. Code Crim. Proc. Ann. art. 44.02 (Vernon 1979).

               As originally enacted, article 44.02 read, “A defendant in any criminal
action has the right of appeal under the rules hereinafter prescribed.” Code of
Criminal Procedure, 59th Leg., R.S., ch. 722, § 1, art. 44.02, 2 1965 Tex. Gen. Laws
317, 511. Thus, a defendant in a criminal action had a general right to appeal
anything. Lyon v. State, 872 S.W.2d 732, 734 (Tex. Crim. App. 1994). Regarding
guilty pleas, however, the Court of Criminal Appeals held in 1972 that a guilty plea
waived all nonjurisdictional defects in the prior proceedings. Helms v. State, 484
S.W.2d 925, 927 (Tex. Crim. App. 1972), overruled by Young v. State, 8 S.W.3d 656,
666-67 (Tex. Crim. App. 2000). The Helms rule had the effect of discouraging guilty
pleas. Lyon, 872 S.W.2d at 734. Cases were tried “for the mere reason of preserving
an issue for appeal.” Young, 8 S.W.3d at 666 (citing Lyon, 872 S.W.2d at 735).

               In response to this situation, effective August 29, 1977, the Texas
Legislature added the following proviso to article 44.02:

[P]rovided, however, before the defendant who has been
convicted upon either his plea of guilty or plea of nolo contendere
before the court and the court, upon the election of the defendant,
assesses punishment and the punishment does not exceed the
punishment recommended by the prosecutor and agreed to by the
defendant and his attorney may prosecute his appeal, he must
have permission of the trial court, except on those matters which
have been raised by written motion filed prior to trial. . . . 



Act of May 23, 1977, 65th Leg., R.S., ch. 351, § 1, 1977 Tex. Gen. Laws 940, 940-41.

               The legislature repealed the proviso effective September 1, 1986 with the
enactment of the Texas Rules of Appellate Procedure. Act of May 27, 1985, 69th
Leg., R.S., ch. 685, §§ 1-4, 1985 Tex. Gen. Laws 2472, 2472-73. The proviso was
replaced with former Rule 40(b)(1), which read, in pertinent part:

[B]ut if the judgment was rendered upon his plea of guilty or nolo
contendere pursuant to Article 1.15, Code of Criminal Procedure,
and the punishment assessed does not exceed the punishment
recommended by the prosecutor and agreed to by the defendant
and his attorney, in order to prosecute an appeal for a
nonjurisdictional defect or error that occurred prior to entry of
the plea the notice shall state that the trial court granted
permission to appeal or shall specify that those matters were
raised by written motion and ruled on before trial. . . .



Tex. R. App. P. 40(b)(1), 707-708 S.W.2d (Texas Cases) XXIX, LII-III (Tex. Crim.
App. 1986) (emphasis added).

               Rule 40(b)(1) was revised effective September 1, 1997 as former Rule
25.2(b)(3), which provided:

But if the appeal is from a judgment rendered on the defendant’s
plea of guilty or nolo contendere under the Code of Criminal
Procedure article 1.15, and the punishment assessed did not
exceed the punishment recommended by the prosecutor and
agreed to by the defendant, the notice must:

 
(A)specify that the appeal is for a jurisdictional defect;

 
(B)specify that the substance of the appeal was raised by written
motion and ruled on before trial; or

 
(C)state that the trial court granted permission to appeal.



Tex. R. App. P. 25.2(b)(3), 948-949 S.W.2d (Texas Cases) LXI, XCVI (Tex. Crim.
App. 1997) (emphasis added). 

               Rule 25.2 was amended effective January 1, 2003 to its present form. The
provisions of former Rule 25.2(b)(3) were incorporated into Rule 25.2(a)(2), as
follows:

In a plea bargain case—that is, a case in which defendant’s plea
is guilty or nolo contendere and the punishment did not exceed
the punishment recommended by the prosecutor and agreed to by
the defendant—a defendant may appeal only:

 
(A)those matters that were raised by written motion filed and
ruled on before trial, or

 
(B)after getting the trial court’s permission to appeal.



Tex. R. App. P. 25.2(a)(2). Like the article 44.02 proviso, Rule 25.2(a)(2) does not
include an exception for the appeal of jurisdictional issues.

               Appellant argues that under the 1972 Helms rule, appeals from guilty pleas
were limited to jurisdictional defects and that jurisdictional defects continued to be
appealable in these kinds of cases even after the proviso was added to article 44.02
in 1977. See Flowers v. State, 935 S.W.2d 131, 133 (Tex. Crim. App. 1996) (“[I]n
plea bargained cases under Art. 44.02, appeals were permitted for jurisdictional
issues, . . . .”). This is the basis for his conclusion that the Court of Criminal Appeals
did not exceed its authority in including “jurisdictional defect[s]” among those issues
that could be appealed when it enacted former Rules 40(b)(1) and 25.2(b)(3).


 
Appellant further concludes that the Court of Criminal Appeals did exceed its rule-making authority in enacting Rule 25.2(a)(2) because the court did not include
jurisdictional defects among those issues that could be appealed after a plea of guilty
or no contest.

               The State points out that present Rule 25.2(a)(2) includes precisely the same
terms for appeal in plea-bargained cases as appeared in the article 44.02 proviso. 
According to the State, if the Court of Criminal Appeals exceeded its rule-making
authority in promulgating the Rules of Appellate Procedure, it was when it adopted
former Rule 40(b)(1) in 1986 and former Rule 25.2(b) in 1997, which both authorized
the appeal of jurisdictional defects in plea-bargained cases that had not been
authorized by the article 44.02 proviso. 

               We hold that our decision in this case is controlled by Griffin v. State, No.
1092-03 (Tex. Crim. App. Sept. 29, 2004). In that case, the Court of Criminal
Appeals held that jurisdictional issues may not be addressed on appeal without the
trial court’s permission, as follows:

The plain language of the 1977 amendment to Article 44.02
includes nothing to indicate that the legislature intended to
exempt jurisdictional issues from the general limits of the proviso. 
Therefore, the current Rule 25.2 merely carries out the purpose of
the legislature’s original rule: to eliminate meritless appeals after
the trial court accepted the terms of a plea agreement. “As the
legislature saw it, the restrictions of the 1977 proviso applied to
any matter in the case, without limitation.” Cooper, 45 S.W.3d at
80.[


] Jurisdictional matters may be raised on appeal if they fit
within the limited right of appeal granted by the legislature, or
they may be litigated by writ of habeas corpus. The language of
the current Rule 25[.2](a)(2) and the 1977 proviso of Article
44.02 are substantially the same. Because the right to appeal is
guaranteed only by statute and because the legislature did not
expressly or even impliedly make an exception for appeals of
jurisdictional issues that fall outside of the statutory exceptions,
we are led to the conclusion that the requirements of the current
Rule 25[.2](a)(2) are consistent with the initial legislative intent
and do not impermissibly abridge the right to appeal.



Id., slip op. at 3-4.

               We hold, therefore, that appellant’s arguments that he may raise
jurisdictional defects in an appeal from his plea-bargained case, despite not having
the trial court’s consent to do so, are without merit and are overruled.

               We dismiss the appeal for lack of jurisdiction.

PER CURIAM

Panel consists of Chief Justice Radack, and Justices Keyes and Bland.

Publish. Tex. R. App. P. 47.2(b).