# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00436-CR

**Adam McGuire, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT
### NO. D-1-DC-05-904028, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Adam McGuire pleaded guilty to murder, a lesser included offense of the capital murder alleged in the indictment. *See* Tex. Pen. Code Ann. § 19.02 (West 2003). The court adjudged him guilty and, after hearing evidence, sentenced him to forty-five years' imprisonment. McGuire's court-appointed attorney filed a brief concluding that the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738 (1967).

McGuire filed a pretrial motion to suppress his statement to the police that was heard and overruled by the trial court. Counsel states in his brief, in apparent reference to the suppression motion, that McGuire's unbargained guilty plea waived all nonjurisdictional defects or errors that occurred before the plea was entered. Counsel cites *Jack v. State*, 871 S.W.2d 741, 742 (Tex. Crim. App. 1994), an opinion applying what was referred to as the *Helms* rule. *See Helms v. State*, 484 S.W.2d 925, 927 (Tex. Crim. App. 1972). The *Helms* rule was abandoned in *Young v. State*, 8

S.W.3d 656, 666-67 (Tex. Crim. App. 2000).  A valid plea of guilty waives or forfeits the right to appeal a claim of error only when the judgment of guilt was rendered independent of, and is not supported by, the error.  *Id*.  A judgment is not independent of a ruling that admitted evidence in error.  *Id*. at 667 n.32.

The appeal is abated.  McGuire's appointed counsel, Mr. Walter C. Prentice, shall file a supplemental brief addressing the trial court's order overruling the motion to suppress no later than forty-five days from the date of this opinion.  We express no opinion on the merits of the issue, and counsel may conclude that there is no meritorious basis for contesting the trial court's ruling.  The purpose of the abatement is to give counsel the opportunity to reexamine the record without regard to the defunct *Helms* rule.

_____

Bea Ann Smith, Justice

Before Justices B. A. Smith, Puryear and Waldrop

Filed:   July 25, 2006

Do Not Publish