Kevin Matthew McGOWIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–93–02023–CR.

Court of Appeals of Texas,
Dallas.

Oct. 24, 1995.

John H. Hagler, Dallas, for Appellant.

Carolyn Fitz–Gerald Levin, Assistant District Attorney, Dallas, for Appellee.

Before LAGARDE, KINKEADE and WRIGHT, JJ. LAGARDE, Justice.

## OPINION

LAGARDE, Justice.

Kevin Matthew McGowin appeals his conviction for attempted capital murder. Appellant pleaded guilty, and the jury assessed his punishment at seventy-five years' imprisonment and a $10,000 fine. Appellant brings three points of error contending: (1) his plea was not entered voluntarily and intelligently; (2) the trial court erred in failing to admonish him that his guilty plea could result in his deportation or denial of citizenship; and (3) the trial court erred in excluding non-expert witness opinion testimony regarding the proper term of confinement that the jury should assess. We overrule the points and affirm the trial court's judgment.

## FACTUAL BACKGROUND

Appellant and his friends planned to rob a pizza delivery person. With this plan in mind, they telephoned a local pizza parlor and ordered a pizza to be delivered to appellant's apartment. When the delivery man, David Lee Tucker, arrived with the pizza, he was sprayed in the eyes with hair spray. He was then robbed, tied up and blindfolded, and hit in the head with a hammer. As he lay bound and bleeding on the floor, Tucker heard his captors debating whether to kill him. They walked Tucker outside and forced him into the back of his own pickup truck. They drove for about fifteen or twenty minutes and stopped the truck in some tall grass. Tucker heard appellant and his friends discussing whether to put firecrackers in Tucker's ears and nose. As Tucker sat on the truck's tailgate, one of his captors told him to stand up and run straight

away from the pickup. When Tucker did not comply, he was hit in the back of the head with something, which threw him down the hill. As Tucker lay on the ground, appellant and his friends hit him repeatedly in the back of the head with a board that had nails sticking out of it. They kicked him in the ribs and groin. Tucker heard someone say, "He's dead." He was then hit some more in the back of the head with the board and stabbed repeatedly in the back and neck by appellant and the others. One of the men tried to cut Tucker's throat. Believing that Tucker was dead, appellant and his friends covered him with brush, jumped up and down on him, and drove away in his truck. Tucker waited five or ten minutes, freed his hands, removed the blindfold, and made his way to a road. A passing mail truck driver saw Tucker covered with blood and called the paramedics. Appellant and his friends fled to Illinois in Tucker's pickup, using Tucker's credit cards along the way.

## INTELLIGENT AND VOLUNTARY PLEA

 In his first point of error, appellant contends that he did not enter his guilty plea intelligently and voluntarily.

Article 26.13 of the Texas Code of Criminal Procedure provides, "No plea of guilty ... shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary." TEX.CODE CRIM.PROC.ANN. art. 26.13 (Vernon 1989). A guilty plea is voluntary if it is an intelligent admission that the accused committed the offense. See Smith v. O'Grady, 312 U.S. 329, 334, 61 S.Ct. 572, 574, 85 L.Ed. 859 (1941); Alexander v. State, 868 S.W.2d 356, 360 (Tex.App.—Dallas 1993, no pet.). A defendant's plea can be involuntary if he has an incomplete understanding of the charge against him. Alexander, 868 S.W.2d at 360. However, if the defendant pleads guilty to the offense as charged in the indictment, all of the required elements of the offense are correctly stated in the indictment, and the record shows that the indictment was read to the defendant, then the defendant is presumed to have had real notice of the charge against him. See Lincoln v. State, 560 S.W.2d 657, 659 (Tex.Crim.App.1978).

In this case, appellant pleaded guilty to the charge as stated in the indictment, and the indictment correctly stated all of the required elements of the charge of attempted capital murder. The record shows that the indictment was read to the defendant.

 The trial court determines whether a plea is made voluntarily and knowingly from the totality of the circumstances. See Woodberry v. State 547 S.W.2d 629, 631 (Tex. Crim.App.1977). Appellant asserts that he "was only seventeen-years-old at the time of this trial and clearly did not understand the circumstances and consequences surrounding his plea." The record shows that the trial court questioned appellant on the record three times about the voluntariness of the plea and appellant's understanding of his actions. The final colloquy occurred as follows:

The Court: ... Mr. McGowin, you will recall that you were previously arraigned on this case at one of the pretrial settings and at that time the Court told you the range of punishment for the offense and told you of your right to [a] jury trial and other matters. You persisted in your plea of guilty, notwithstanding that I had advised you of the consequences of the plea.

At the second pretrial hearing that was conducted on December 3rd, the Court again asked you concerning your plea and you again persisted in your plea of guilty, notwithstanding the Court advised you of the possible consequences.

At this time you entered a plea of guilty before the jury and I want to be certain, again, that you understand the consequences of your plea. Do you understand the range of punishment for this offense is by confinement in the penitentiary for life or any term of years not more than 99 or less than five? In addition, a fine up to $10,000 could be imposed.

Do you understand that?

The Defendant: Yes, Your Honor.

The Court: And do you understand that by entering a plea of guilty before the jury that the Court will instruct the jury to find you to be guilty and to set your punish-

ment somewhere within the range of punishment?

The Defendant: Yes, sir.

The Court: Your lawyer has filed an application for probation and I'm sure will make a plea for probation, but do you understand that would be entirely up to the jury to decide whether or not they should give you probation or not? Do you understand that?

The Defendant: Yes, Your Honor.

The Court: Do you understand if they set the punishment at a term of more than 10 years that they couldn't grant probation? Do you understand that?

The Defendant: Yes.

The Court: Are you entering your plea of guilty because you did commit the offense as charged in the indictment in this case?

The Defendant: Yes.

The Court: Are you entering your plea of guilty freely and voluntarily?

The Defendant: Yes.

The Court: Has anyone placed you in fear, threatened you, coerced you or promised you anything to make you enter this plea against your will?

The Defendant: No.

The Court: Counsel, do you feel your client's mentally competent to enter his plea and he's entering his plea freely and voluntarily, knowingly and intelligently?

[Defense Counsel]: Yes, Your Honor.

The Court: You recommend the Court accept his plea?

[Defense Counsel]: Yes, Your Honor.

The Court: Very well. [The] Court will accept your plea on the record.

This exchange shows that, notwithstanding appellant's age, he did "understand the circumstances and consequences surrounding his plea."

 Appellant also asserts that he was not competent to enter the guilty plea. A person is incompetent if he lacks either (1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding; or (2) a rational as well as factual understanding of the proceedings against him. A person is presumed competent unless proved incompetent by a preponderance of the evidence. TEX.CODE CRIM. PROC.ANN. art. 46.02, § 1 (Vernon 1979). Appellant bases his assertion of incompetency on testimony that he had been placed in the Terrell State Hospital from November 1990 to February 1991. This trial began on December 13, 1993, at least two years and nine months after appellant left Terrell State Hospital. The evidence suggests that appellant was admitted to Terrell State Hospital for chemical dependency, not for any psychiatric problems affecting his competency to stand trial. This evidence does not controvert the observations of the judge and the representations of trial counsel that appellant was mentally competent to enter his plea.

The record establishes that appellant voluntarily and intelligently entered his guilty plea and that he was competent to do so. We overrule appellant's first point of error.[1]

### FAILURE TO ADMONISH

 In his second point of error, appellant contends that the trial court erred in failing to admonish him that his guilty plea could result in his deportation or denial of citizenship.

Article 26.13(a)(4) of the Texas Code of Criminal Procedure states,

(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

\* \* \* \* \* \*

(4) the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

TEX.CODE CRIM.PROC.ANN. art. 26.13(a)(4) (Vernon 1989). The failure to give this admonishment is reversible error, "and there is no requirement appellant show harm." *Mor-*

---

1. Appellant does not contend under this point of error that the trial court's failure to admonish him concerning the possibility of deportation rendered his plea involuntary and unknowing.

*ales v. State*, 872 S.W.2d 753, 755 (Tex.Crim. App.1994).[2]

The State asserts that appellant waived any error in the trial court's failure to admonish. Generally, a guilty plea entered without a plea bargain agreement waives all nonjurisdictional defects that have occurred prior to the entry of the plea. *Helms v. State*, 484 S.W.2d 925, 927 (Tex.Crim.App. 1972); *Soto v. State*, 837 S.W.2d 401, 403 (Tex.App.—Dallas 1992, no pet.). This waiver rule is predicated on a knowing and voluntary plea of guilty. *Shallhorn v. State*, 732 S.W.2d 636, 639 (Tex.Crim.App.1987); *Soto*, 837 S.W.2d at 403. Thus, a defendant may always challenge the voluntariness of a guilty plea on appeal.

Appellant challenged the voluntariness of his plea under his first point of error. Appellant did not contend that his plea was rendered involuntary and unknowing by the trial court's failure to admonish him concerning the possibility of deportation. Under his second point of error, appellant does not argue that the trial court's failure to admonish him about the possibility of deportation prevented his plea from being knowing and voluntary. We have already held that appel-

lant entered his guilty plea intelligently and voluntarily. Accordingly, the *Helms* waiver rule applies in this case.

A point of error contending that the trial court erred in admonishing a defendant does not allege a jurisdictional defect unless the point of error also contends that the failure to admonish rendered the defendant's guilty plea unknowing or involuntary. *See Penny v. State*, 880 S.W.2d 59, 61 (Tex. App.—Dallas 1994, no pet.) (en banc); *cf. Ex parte Tovar*, 901 S.W.2d at 486 (lack of admonishment and showing of involuntariness required for habeas relief). Such error is trial court error occurring before the entry of the plea. *Penny*, 880 S.W.2d at 61.

In this case, appellant did not allege or argue that the trial court's failure to admonish him concerning the possibility of deportation rendered his guilty plea unknowing or involuntary. Accordingly, appellant's point of error alleges a nonjurisdictional defect occurring before the entry of the plea. Because appellant knowingly and voluntarily entered a plea of guilty without a plea bargain, any error was waived.[3] We overrule appellant's second point of error.

---

2. This statement that the case is reversible without appellant having to show harm is one of the problems with the *Morales* opinion. Presumably, the court sought to distinguish this situation from article 26.13(c), which requires that the appellant "affirmatively [show] that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court." Tex.Code Crim.Proc.Ann. art. 26.13(c) (Vernon 1989). The *Morales* opinion suggests that the court intended to use the same remedy as in *Weekley v. State* and *Ex parte McAtee*, where the court held: "A total failure of the trial court to admonish the defendant concerning the range of punishment is reversible error, *without regard to whether the defendant was harmed.*" *Ex parte McAtee*, 599 S.W.2d 335, 335 (Tex.Crim. App.1980) (emphasis added), *quoted in Morales*, 872 S.W.2d at 754, *overruled on other grounds by Ex parte Tovar*, 901 S.W.2d 484, 486 n. 2 (Tex. Crim.App.1995) (applicant for writ of habeas corpus must show harm); *see Weekley v. State*, 594 S.W.2d 96, 97 (Tex.Crim.App. [Panel Op.] 1980) (failure to admonish on punishment is reversible error without consideration of harm). There is a significant difference between reversible error without regard to whether the defendant was harmed and reversible error without a requirement that the defendant show harm. The former would not permit any harmless-error analysis, while the latter does not foreclose the

possibility that the State could prove "beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment," *i.e.*, that the error was harmless. *See* Tex.R.App.P. 81(b)(2). We note that this distinction was overlooked in a previous opinion of this Court where we stated in dicta, "[T]he trial court's total failure to admonish a defendant on the consequences of citizenship or deportation is reversible error. The error is reversible, regardless of whether the defendant suffered harm." *Harris v. State*, 887 S.W.2d 482, 484 (Tex.App.—Dallas 1994, no pet.) (citation omitted).

Assuming that the court of criminal appeals meant what it actually said in *Weekley* and *Morales*, violations of different provisions of article 26.13(a) require different standards of review. A violation of article 26.13(a)(1) permits no harm analysis, and a violation of 26.13(a)(4) is subject to a harm analysis.

3. The issue of waiver under the *Helms* rule does not appear to have been before the court of criminal appeals in *Morales*. The State's question for review in *Morales* was,

Is a defendant entitled to have his plea of guilty set aside for failure of the trial court to admonish the defendant as set out by Tex.Code Crim.Proc Ann. art. 26.13(a)(4), that if the de-

### EXCLUSION OF TESTIMONY

In his third point of error, appellant contends that the trial court erred in excluding the non-expert witness testimony regarding the proper term of confinement that the jury should assess. Because the testimony was excluded after appellant entered his plea, the *Helms* waiver rule does not apply to this point of error.

To preserve error from the trial court's exclusion of testimony, the party must make an offer of proof showing the nature of the excluded testimony. TEX.R.APP.P. 52(b); *Green v. State*, 840 S.W.2d 394, 407 & n. 10 (Tex.Crim.App.1992), *cert. denied*, 507 U.S. 1020, 113 S.Ct. 1819, 123 L.Ed.2d 449 (1993). In this case, appellant did not make an offer of proof. Accordingly, he failed to preserve error. We overrule the third point of error.

We affirm the trial court's judgment.

fendant is not a citizen of the United States, a plea of guilty may result in deportation, the exclusion from admission to this country, or the denial of naturalization under Federal law, where the record is silent as to whether the defendant was a citizen of the United States? *Morales*, 872 S.W.2d at 753 n. 1.