ACCEPTED
061500047CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
4/6/2015 12:00:00 AM
DEBBIE AUTREY
CLERK

## NO. 06-15-0047-CR

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
4/6/2015 10:53:00 AM
DEBBIE AUTREY
Clerk

## IN THE SIXTH COURT OF APPEALS
## SIXTH DISTRICT OF TEXAS
## AT TEXARKANA

**MELTON GRIGGS,**
**APPELLANT**

**V.**

**STATE OF TEXAS,**
**APPELLEE**

**On Appeal from the County Court at Law #1**
**of Hunt County, Texas**
**Trial Cause Number CR1401075**
**Honorable Timothy S. Linden Presiding**

## BRIEF IN SUPPORT OF MOTION TO WITHDRAW

**Jessica Edwards**
**P.O. Box 9318**
**Greenville, TX 75404**
**903.513.0150**
**fax 903.200.1359**
**jessicaedwardslaw@gmail.com**

## ORAL ARGUMENT NOT REQUESTED

# IDENTITIES OF PARTIES

Appellant:                                           Milton Griggs

Defense Counsel at Trial                   Jack Paris
P.O. Box 8277
Greenville, TX 75404

Appellant's Attorney on Appeal       Jessica Edwards
P.O. Box 9318
Greenville, TX 75404

Appelle's Attorney at Trial           Jeffery Kovach
Asst. Hunt County Attorney
P.O. Box 1097
Greenville, TX 75403

Trial Judge                              Hon. Timothy S. Linden
County Court at Law #1
2507 Lee Street, 4th Floor
Greenville, TX 75401

# TABLE OF CONTENTS

Identities of Parties and Counsel................................................................2

Table of Contents................................................................3

Index of Authorities................................................................4

Statement of the Case................................................................6

Certificate of Counsel................................................................7

Special Statement to the Court................................................................7

Statement of the Facts................................................................8

Issue and Authorities................................................................9

      **Charging Instrument and Jurisdiction**................................................................9
      **Assistance of Counsel**................................................................10
      **Competence**................................................................10
      **Limitations**................................................................11
      **Jeopardy**................................................................11
      **Presence of Defendant**................................................................11
      **Presentence Investigation**................................................................12
      **Punishment**................................................................12
      **Back Time**................................................................13
      **Written Judgment**................................................................13
      **Sentencing Procedure: Allocution**................................................................13
      **Finger Prints**................................................................14
      **Summary**................................................................14

Prayer................................................................14

Certificate of Service................................................................15

Certificate of Compliance with Rule 9.4................................................................16

# INDEX OF AUTHORITIES

**FEDERAL CASES:**

*Anders v. California,* 386 U.S. 738 (1976)...............................................................7

*Strickland v. Washington,* 466 U.S. 668 (1984)........................................................10

**STATE CASES:**

*Fluellen v. State,* 71 S.W.3d 870 (Tex. App.-Texarkana 2002, pet. ref'd)....................13

*Gainous v. State,* 436 S.W.2d 137 (Tex. Crim. App. 1969)...........................................7

*Hidalgo v. State,* 983 S.W.2d 746 (Tex. Crim. App. 1999)..........................................10

*Howlett v. State,* 994 S.W.2d 663 (Tex. Crim. App. 1999)...........................................11

*Jackson v. State,* 989 S.W.2d 842 (Tex. App.-Texarkana 1999, no pet.)......................13

*Jordan v. State,* 495 S.W.2d 949 (Tex. Cro,. App. 1973)............................................13

*Latham v. State,* 20 S.W.3d 63 (Tex. App.-Texarkana 2000, pet. ref'd).......................13

*McGowin v. State,* 912 S.W.2d 837 (Tex.App.- Dallas 1995, no pet.)..........................11

*Mizell v. State,* 119 S.W.3d 804 (Tex. Crim. App. 2003).............................................12

*Proctor v. State,* 967 S.W.2d 840 (Tex. Crim. App. 1998)...........................................11

*Studer v. State,* 799 S.W.2d 263 (Tex. Crim. App. 1989)..............................................9

**STATE STATUTES:**
TEX. CODE CRIM. PROC. ANN. ART. 1.14 (b)..............................................................9

TEX. CODE CRIM. PROC. ANN. ART. 12.02................................................................11

TEX. CODE CRIM. PROC. ANN. ART. 37.06................................................................11

TEX. CODE CRIM. PROC. ANN. ART. 38.33................................................................14

TEX. CODE CRIM. PROC. ANN. ART. 42.01(23)..................................................................14

TEX. CODE CRIM. PROC. ANN. ART. 42.03..........................................................................14

TEX. CODE CRIM. PROC. ANN. ART. 42.07..........................................................................14

TEX. CODE CRIM. PROC. ANN. ART. 42.12 sec 9(b)(2).....................................................12

TEX. CODE CRIM. PROC. ANN. ART. 46B.003....................................................................11

TEX. PENAL CODE ANN. 38.02.......................................................................................9,13

TEX. R. APP. P. 33.1(a)....................................................................................................14

IN THE SIXTH COURT OF APPEALS
SIXTH DISTRICT OF TEXAS
AT TEXARKANA

MELTON GRIGGS,
APPELLANT

V.

STATE OF TEXAS,
APPELLEE

On Appeal from the County Court at Law #1
of Hunt County, Texas
Trial Cause Number CR1401075
Honorable Timothy S. Linden Presiding

## ANDERS BRIEF IN SUPPORT OF MOTION TO WITHDRAW

TO THE HONORABLE COURT OF APPEALS:

NOW COMES Counsel for Appellant and respectfully submits this brief pursuant to the Texas Rules of Appellate Procedure.

## STATEMENT OF THE CASE

This is an appeal of the judgment an sentence in a criminal case in the County Court at Law #1 of Hunt County, Texas. Appellant was charged with the misdemeanor offense of failure to ID, fugitive from justice. On February 13, 2015, Appellant plead

guilty and elected to have the Court assess punishment.  The Court assessed punishment at 300 days in the Hunt County Jail. Notice of Appeal was filed on February 19, 2015. The Clerk's Record was filed on March 10, 2015.  The Reporter's Record was filed on March 27, 2015.

## CERTIFICATE OF COUNSEL

In compliance with the requirements of *Anders v. California,* 386 U.S. S.Ct. 1396, 19 L. Ed 2d 493 (1966) and *Gainous v. State,*436 S.W.2d 137, 138 (Tex. Crim. App. 1969), the undersigned appointed attorney on appeal for Milton Griggs states that she has diligently reviewed the entire record and the law applicable thereto and, in her opinion, the appeal is without merit and wholly frivolous in that the record reflects no reversible error.  It is also the opinion of the undersigned appointed attorney on appeal that there are no grounds of error upon which an appeal can be predicated. The undersigned appointed attorney on appeal has served a copy of this brief, clerk's record, and reporter's record on Appellant.

At that time, the undersigned attorney informed Appellant in person that, in her professional opinion, the appeal was without merit.  The undersigned attorney also explained that Appellant has the right to review the record and file a pro se brief if he so desires.  Appellant has also been informed by the undersigned attorney that he may request an extension of time from this Honorable Court for the filing of a pro se brief.

## SPECIAL STATEMENT TO THE COURT

After diligent search, the undersigned attorney, appointed as counsel for Appellant on appeal, has determined that the appeal is frivolous and without merit, and further, that the record contains nothing upon which an appeal can be predicated.

The record in this cause reflects that Appellant's rights were protected at every stage of the proceedings.  He was represented by competent counsel at all critical stages of the trial process.  Notice of Appeal was filed on February 19, 2015, within Appellant's thirty day time limit for filing an appeal. (CR Vol. 1, p. 43).

## STATEMENT OF FACTS

On February 13, 2015, the trial court called Appellant's case for trial. (RR Vol. 1, p.5).  At the time of trial, Appellant had three cases pending before the trial court; the present case on appeal, a Motion to Revoke in cause number CR1301005, and a harassment charge in cause number CR 1301393. (RR Vol. 1, p 5-6).   The parties had reached a partial agreement which was announced to the court.  The State abandoned paragraph one of the Motion to Revoke, which was the same allegation as the harassment charge in cause number CR 1301393, and the State dismissed the harassment charge. (RR Vol. 1, p. 5-6)  Appellant agreed to  plead true to the remaining paragraphs in the Motion to Revoke and to plead guilty to the failure to id, fugitive from justice charge. (RR Vol. 1, p. 5-6).  There was no agreement between the parties as to punishment for either the Motion to Revoke or the failure to id case. (RR Vol. 1, p. 6).

Appellant, along with his trial counsel, signed a document which waived many of

8

his substantive rights, judicially confessed his guilt, and requested the court to assess his punishment. (CR Vol. 1, p. 36).

The trial court first conducted the open-plea hearing on the Motion to Revoke, in which the trial court found that Appellant had violated his probation and sentenced him to 100 days in the county jail. (RR Vol.1 p. 36).

The trial court then held the open-plea hearing in the case at bar. (RR Vol. 1, p. 37). The trial court went over the the waiver of rights and judicial confession that Appellant signed to ensure that Appellant understood and voluntarily waived his rights. (RR Vol. 1, p. 37-38). Appellant was allowed an opportunity to present evidence for the court to consider in assessing punishment. The trial court then assessed Appellant's punishment at 300 days in the county jail, to run concurrent with his other sentence. (RR Vol. 1, p. 41-42).

## ISSUES AND AUTHORITIES

## CHARGING INSTRUMENT AND JURISDICTION

The information in this case alleges and contains all elements of the offense as prescribed by Texas Penal Code Section 38.02. (CR Vol. 1, p. 14). The information conferred jurisdiction upon the trial court. *Studer v. State,* 799 S.W.2d 263, 273 (Tex. Crim. App. 1989). There is no objection or complaint on the record regarding the information, therefore nothing is present or preserved for appellate review. TEX. CODE CRIM. PROC. ANN. ART. 1.14(b) (O'Connor's 2014).

## ASSISTANCE OF COUNSEL

A complete review of the record reflects that Appellant was represented by counsel at all critical stages of the proceedings as required by the Texas and U.S. Constitutions, and that his counsel joined in all decisions required by law. *Hidalgo v. State,* 983 S.W.2d , 750 (Tex. Crim. App. 1999). Counsel is ineffective only if his representation of Appellant falls below a minimum standard for representation and his errors undermine the reliability of the result to the Appellant. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). In this case, trial counsel negotiated with the state to have one of the three charges against Appellant dismissed. (RR Vol. 1, p. 5-6) Although Appellant plead guilty, it was clear from the record that Appellant had mitigating facts that he wanted the court to know before assessing punishment. Trial Counsel called Appellant as a witness and presented those facts to the court. (RR Vol. 1, p. 15-29). Trial counsel made sure Appellant had the opportunity to say everything he wished to say to the Court. (RR Vol. 1, p. 28-29). Nothing in the record reflects that trial counsel's representation of Appellant fell below the minimum standard.

## COMPETENCE

"A person is incompetent if he lacks either (1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding; or (2) a rational as well as a factual understanding of the proceedings against him. A person is presumed competent to stand trial and shall be found competent to stand trial unless proved

10

incompetent by a preponderance of the evidence." TEX. CODE CRIM. PROC. ANN. ART. 46B.003 (O'Connor's 2014); *see McGowin v. State,* 912 S.W.2d 837, 840 (Tex. App.--Dallas 1995, no pet.).

A complete review of the record discloses sufficient information to determine that Appellant was competent to stand trial.

## LIMITATIONS

The offense was alleged to have been committed on or about August 4, 2014 as reflected in the information. (CR Vol. 1, p. 14). This is within the two year limitation for misdemeanors in TEX. CODE CRIM. PRO. ANN. ART. 12.02 (O'Connor's 2014). Furthermore Appellant did not make any challenge to the charging instrument on the basis of expiration of the statute of limitations. Limitations is a defensive issue, and must be raised by defendant or it is waived. *Proctor v. State*, 967 S.W.2d 840, 844 (Tex. Crim. App. 1998); *Howlett v. State*, 944 S.W.2d 663, 667 (Tex. Crim. App. 1999).

## JEOPARDY

There is no jeopardy argument because Appellant was charges and prosecuted in the case and nothing in the record suggests that Appellant had previously been charged with and tried for the same offense.

## PRESENCE OF DEFENDANT

The record reflects that Appellant was present when the verdict was pronounced as required by TEX. CODE CRIM. PRO. ANN. ART. 37.06 (O'Connor's 2014).

11

## PRE SENTENCE INVESTIGATION

Article 42.12 sec. 9 requires that a per-sentence investigation be completed before the Court passes judgment, unless certain circumstances are present. A per-sentence investigation is not required if the court finds there is sufficient information in the record to permit the meaningful exercise of sentencing discretion. TEX. CODE CRIM PRO. ANN. ART. 42.12 sec. 9 (b)(2). Article 42.12 sec. 9(b)(2) requires that the court make that finding on the record. The trial court did not make that finding on the record in this case and trial counsel did not object. However, the record does not reflect that any substantive rights of Appellant were impacted by the trial court's failure to explain this finding on the record. The record contains ample evidence to substantiate such a finding, even absent the trial court's explanation. Appellant had just been revoked from probation minutes before the Court heard this case. (RR Vol. 1, p. 36). Appellant's criminal history was also introduced in to evidence. (RR Vol. 1 p. 69-81). Clearly the trial court found there was sufficient information in the record to permit the meaningful exercise of sentencing discretion.

## PUNISHMENT

A sentence outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal. *Mizell v. State,* 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). Appellant was charged with a Failure to ID, Fugitive from Justice, which is a class A misdemeanor. Appellant was sentenced by the court to 300. (CR 29).

12

This sentence is within the statutory range of punishment for the offense. TEX. PENAL CODE § 38.02 (d)(2).

In Texas, the courts have traditionally held that as long as the punishment assessed is within the range prescribed by the Legislature in a valid statue, the punishment is not excessive, cruel or unusual. *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). Yet, in *Jackson v. State*, 989 S.W.2d 842, 845 (Tex. App.-Texarkana 1999, no pet.), this Court recognized that a prohibition against grossly disproportionate punishment survives under the Eight Amendment to the United States Constitution apart for any consideration of whether the punishment is within the range established by the Legislature. *Fluellen v. State,* 71 S.W. 3D 870, 873 (Tex. App.-Texarkana 2002, pet. ref'd); *Latham v. State,* 20 S.W.3d 63, 68-69 (Tex. App.-Texarkana 2000, pet. ref'd).

## BACK TIME

The trial court gave appellant 16 days credit on his sentence (CR Vol. 1, p. 29). Appellant was credited with all back time, as reflected in the judgment, accurately calculated, as required by law.

## WRITTEN JUDGMENT

The written judgment conforms to the court's oral pronouncements of judgment and sentence as required by law. (CR Vol. 1, p. 29 ); (RR Vol. 1, p. 41-42).

## SENTENCING PROCEDURE: ALLOCUTION

Article 42.07 of the Texas Code of Criminal Procedure requires that: "Before

13

pronouncing sentence, the defendant shall be asked whether he has anything to say why the sentence should not be pronounced against him." TEX CODE CRIM. PRO. ANN. ART. 42.07 (O'Connor's 2014). The trial court in this case did make that inquiry and trial counsel responded that there was no reason why sentence should not be passed. (RR Vol. 1, p. 42). The trial court properly pronounced sentence in Appellant's presence as required by TEX. CODE CRIM. PROC. ANN. ART. 42.03 (Vernon's 2014).

## FINGERPRINTS

The record reflects that Appellant's right thumb prints were taken as required by TEX. CODE CRIM. PROC. ANN. ART. 42.01(23) and TEX. CODE CRIM. PROC. ANN. ART. 38.33 (Vernon's 2014). (CR Vol. 1, p. 29).

## SUMMARY

The undersigned attorney has reviewed the entire record to determine if any objections were made on Appellant's behalf which would support a point of error on appeal. TEX. R. APP. P. 33.1(a) (O'Connor's 2014). In counsel's professional opinion, the trial court displayed no prejudice toward either side. For above reasons, appellate counsel found no arguable grounds on which to appeal the instant conviction, and Appellant should receive the opportunity to file a pro se brief.

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFOR, PREMISES CONSIDERED, the undersigned counsel being of the earnest opinion that no arguable points of error appear in the record at the plea or

sentencing stages of the case, Counsel prays that this Honorable Court will grant her Motion for Counsel to Withdraw and afford Appellant the opportunity to file a pro se brief asserting all grounds of which he knows to revers the judgment of the trial court below and render judgment of acquittal or, alternatively, remand the cause to the trial court for further proceedings.

Respectfully Submitted,

_/s/ Jessica Edwards_____
Jessica Edwards
SBN: 24000994
P.O. Box 9318
Greenville, TX 75404
903.513.0150
Fax: 903.200.1359
jessicaedwardslaw@gmail.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Anders Brief in Support of Motion to Withdraw was served on the Honorable Joel Littlefiled, Hunt County Attorney, by hand delivery on April 6, 2015.

I further certify that a true and correct copy of the Anders Brief in Support of Motion to Withdraw was served on Milton Griggs by hand delivery on April 6, 2015.

/s/ Jessica Edwards
Jessica Edwards

## CERTIFICATE OF COMPLIANCE WITH RULE 9.4

Pursuant to Texas Rule of Appellate Procedure 9.4 this certifies that this document complies with the type volume limitations because it is computer generated and does not exceed 15,000 words. Using the word count feature of OpenOffice Writer, the undersigned certifies that this document contains 2,701 words in the entire document. This document also complies with the typeface requirements as it has been prepared in a proportionally spaced typeface using Times New Roman 14 point font.

/s/ Jessica Edwards
Jessica Edwards