ACCEPTED
06-15-00065-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
7/2/2015 4:51:14 PM
DEBBIE AUTREY
CLERK

**NOS.  06-15-00065-CR; 06-15-00066-CR; 06-15-00071-CR**

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
7/7/2015 4:17:00 PM
DEBBIE AUTREY
Clerk

## IN THE COURT OF APPEALS
## SIXTH DISTRICT OF TEXAS
## AT TEXARKANA

### CHRISTOPHER ANTHONY DAVIDSON
### APPELLANT

**v.**

### THE STATE OF TEXAS,
### APPELLEE

**On Appeal from the 196th Judicial District Court
Of Hunt County, Texas
Trial Court Cause Nos. 29,694; 29,922; and 30,032
Hon. J. Andrew Bench, Judge Presiding**

## ANDERS BRIEF IN SUPPORT OF MOTION TO WITHDRAW

Katherine A. Ferguson (SBN 06918050)
Renshaw, Davis & Ferguson, L.L.P.
2900 Lee Street, Suite 102
P.O. Box 21
Greenville, Texas  75403-0021
Telephone:  (903) 454-6050
Facsimile:  (903) 454-4898
Email:  rdflawoffice@yahoo.com

**ORAL ARGUMENT NOT REQUESTED**

## IDENTITIES OF PARTIES AND COUNSEL

Appellant:                                       CHRISTOPHER ANTHONY
DAVIDSON

Defense Counsel at Trial:              D. Keith Willeford, Esq.
Law Offices of Keith Willeford
P.O. Box 11
2615 Lee Street
Greenville, Texas 75403

Appellant's Attorney on Appeal:   Katherine A. Ferguson
Renshaw, Davis & Ferguson, L.L.P.
2900 Lee Street, Suite 102
P.O. Box 21
Greenville, Texas 75403-0021

Appellee's Attorney at Trial:      Calvin Grogan
Assistant District Attorney
Hunt Co. District Attorney
P.O. Box 441
Greenville, Texas 75403-0441

Appellee's Attorney on Appeal:    Calvin Grogan
Assistant District Attorney
Hunt Co. District Attorney
P.O. Box 441
Greenville, Texas 75403-0441

Trial Judge:                               Hon. J. Andrew Bench
196th Judicial District Court
P.O. Box 1097
Greenville, Texas 75403-1097

# TABLE OF CONTENTS

Identity of the Parties and Counsel ...................................................................ii

Table of Contents.........................................................................................ii

Index of Authorities .....................................................................................iii

Statement of the Case .................................................................................. 1

Certificate of Counsel ......................... ……………………………………….2

Special Statement to the Court ...................................................................3

Statement of the Facts....................................................................................4

Issues and Authorities...................................................................................7

      **Indictment and Jurisdiction** ....................................................................7
      **Assistance of Counsel** .............................................................................8
      **Competence** ..............................................................................................8
      **Limitations** ...............................................................................................9
      **Jeopardy** ................................................................................................10
      **Presence of Defendant**..........................................................................10
      **Presentence Investigation** ...................................................................10
      **Punishment**...........................................................................................10
      **Back Time**.............................................................................................11
      **Written Judgment** ...............................................................................12
      **Sentencing Procedure: Allocution** ...................................................12
      **Finger Prints** .......................................................................................12
      **Summary** ..............................................................................................13

Prayer .......................................................................................................13

Certificate of Service ................................................................................ 14

Certificate of Compliance with Rule 9.4 ..................................................14

# INDEX OF AUTHORITIES

**FEDERAL CASES:**

*Anders v. California*, 386 U.S. 738, (1967)..............................................................................2

*Strickland v. Washington*, 466 U.S. 668 (1984) ......................................................................8

**STATE CASES:**

*Fluellen v. State*, 71 S.W.3d 870(Tex. App.-Texarkana 2002, pet. ref'd)...............11

*Gainous v. State*, 436 S.W.2d 137, (Tex. Crim. App. 1969).....................................2

*Hidalgo v. State*, 983 S.W.2d 746, (Tex. Crim. App. 1999) .....................................8

*Howlett v. State*, 994 S.W.2d 663 (Tex. Crim. App. 1999)....................................10

*Jackson v. State*, 989 S.W.2d 842, (Tex. App.-Texarkana 1999, no pet.) ..............11

*Jordan v. State*, 495 S.W.2d 949 (Tex. Crim.App.1973)........................................11

*Latham v. State*, 20 S.W.3d 63(Tex. App.-Texarkana 2000, pet. ref'd) ..................11

*McGowin v. State*, 912 S.W.2d 837(Tex. App.—Dallas1995, no pet).....................9

*Mizell v. State*, 119 S.W.3d 804 (Tex. Crim. App. 2003) ......................................10

*Proctor v. State*, 967 S.W.2d 840 (Tex. Crim. App. 1998)....................................10

*Studer v. State*, 799 S.W.2d 263 (Tex. Crim. App. 1989).......................................7

**STATE STATUTES:**

TEX. CODE CRIM. PRO. ANN. ART. 1.14(b)...................................................................7

TEX. CODE CRIM. PRO. ANN. ART 12.01(4)................................................................9

TEX. CODE CRIM. PRO. ANN. ART. 12.01(7) ..............................................................9

TEX. CODE CRIM. PRO. ANN. ART 37.06. ...................................................................10

TEX. CODE CRIM. PRO. ANN. ART 42.01 ...................................................................12

TEX. CODE CRIM. PRO. ANN. ART 42.03. ...................................................................12

TEX. CODE CRIM. PRO. ANN. ART.42.07. ...................................................................12

TEX. CODE CRIM. PRO. ANN. ART 42.12 sec. 9(g) .....................................................10

TEX. CODE CRIM. PRO. ANN. ART 46B.003 ...............................................................9

TEXAS HEALTH & SAFETY CODE §481.106...............................................................9

TEXAS HEALTH & SAFETY CODE §481.115 (b) .......................................................11

TEX. PENAL CODE ANN. § 30.02 (a)(1)

TEX. PENAL CODE ANN. § 12.35 ...........................................................................11

TEX. R. APP. P. 33.1(a)...........................................................................................13

NO. 06-14-00074-CR

IN THE COURT OF APPEALS
SIXTH DISTRICT OF TEXAS
AT TEXARKANA

CHRISTOPHER ANTHONY DAVIDSON
APPELLANT

v.

THE STATE OF TEXAS,
APPELLEE

On Appeal from the 354th Judicial District Court
Of Hunt County, Texas
Trial Court Cause No. 29,512
Hon. Richard A. Beacom, Jr., Judge Presiding

ANDERS BRIEF IN SUPPORT OF MOTION TO WITHDRAW

TO THE HONORABLE COURT OF APPEALS:

NOW COMES Counsel for Appellant and respectfully submits this

brief pursuant to the provisions of the Texas Rules of Appellate Procedure.

## STATEMENT OF THE CASE

This is an appeal of the judgments and sentences in three criminal

cases in the 196th Judicial District Court of Hunt County, Texas. Appellant

was indicted for the offense of Possession of a Controlled Substance, Namely Methamphetamine in an Amount Less than 1 Gram in Cause No. 29,694; Burglary of a Building with Intent to Commit Theft in Cause No. 29,922; and Burglary of a Building in Cause No. 30,032. Appellant pled guilty in all three cases. A presentence investigation was performed. On March 2, 2015 the Trial Court conducted a sentencing hearing. At the conclusion of the sentencing hearing, the Trial Court sentenced the Appellant to two years in the State Jail with time credit of 282 days in Cause No. 29,694; two years in the State Jail with time credit of 312 days in Cause No. 29,922; and two years in the State jail with time credit of 293 days in Cause No. 30,032. The Notice of Appeal was given on March 18, 2015 in the trial court. The clerk's record was filed on May 7, 2015. The reporter's record was filed on May 12, 2015.

**CERTIFICATE OF COUNSEL**

In compliance with requirements of *Anders v. California*, 386 U.S. S.Ct.1396, 18 L. Ed 2d 493 (1966) and *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969), the undersigned appointed attorney on appeal for CHRISTOPHER ANTHONY DAVIDSON states that she has diligently reviewed the entire record and the law applicable thereto and, in her opinion, the appeal is without merit and wholly frivolous in that the record reflects no

reversible error. It is also the opinion of the undersigned appointed attorney on appeal that there are no grounds of error upon which an appeal can be predicated. The undersigned appointed attorney on appeal has served a copy of this brief, clerk's record, and reporter's record on Appellant.

At that time, the undersigned attorney informed Appellant, by letter that, in her professional opinion, the appeal was without merit. The undersigned attorney also explained that Appellant has the right to review the record and file a pro se brief if he so desires. The undersigned attorney has made the record available to Appellant. Appellant has also been informed by the undersigned attorney that he may request an extension of time from this Honorable Court for the filing of a pro se brief.

## SPECIAL STATEMENT TO THE COURT

After diligent search, the undersigned attorney, appointed as counsel for Appellant on appeal has determined that the appeal is frivolous and without merit, and further, that the record contains nothing upon which an appeal can be predicated.

The record in this cause reflects that Appellant's rights were protected at every stage of the proceedings. He was represented by competent counsel at all critical stages of the trial process. This appeal was filed on March 18,

2015 within Appellant's thirty day time limit for filing an appeal. (20,694 CR 59-60; 20,922 CR 49-50; 30,032 CR 50-51).

## STATEMENT OF FACTS

Appellant CHRISTOPHER ANTHONY DAVIDSON (hereinafter, "Appellant") was charged in Cause Nos. 29,922 and Cause No. 30,032 with the offense of Burglary of a Building. Appellant was also charged in Cause No. 29,694 with Possession of a Controlled Substance Namely Methamphetamine in an Amount Less than 1 Gram. Appellant entered into an "open" plea agreement with the State of Texas, wherein the Appellant pled guilty in all three cases and agreed to a sentencing hearing to be conducted by the Trial Court. (20,694 CR 28; 29,922 CR20; 30,032 CR 20)[1]. An order to prepare a presentence investigation was signed on November 5, 2014. (20,694 CR 37; 29,922 CR 29; 30,032 CR 29) On January 22, 2015, the Trial Court conducted a review hearing, and at the request of the State and the Appellant, ordered appointment of an expert to evaluate Appellant's mental health. (20,694 CR 41; 29,922 CR 33; 30,032 CR 34) (RR Vol. 2, pages 4-6) The mental health expert filed his report with the Trial Court on February 19, 2015. (JX 2).

---

[1] References to the Clerk's Record are designated as "CR #", references to the Reporter's Record are designated RR Vol. ___, page #: line #, and Joint, State and Defendant's exhibits are designated JX, SX and DX, respectively)

At the sentencing hearing, the State called Mariah May ("May"), an employee with the Hunt County Community Supervision and Corrections Department ("HCCSCD"). (RR Vol. 3, page 7:18) May prepared the presentence investigation ("PSI") for the Appellant in these cases. (RR Vol. 3, page 7:19-25) (JX 1) May testified that in preparing the PSI, the Appellant's family, living, and criminal histories were explored and taken into account. (RR Vol. 3, page 8:13-23) May also explored the Appellant's mental health. (RR Vol. 3, page 10:10-11:3) Appellant's substance abuse issues were also documented. (RR Vol. 3, [age 11:18-25) May testified that based upon her investigations in preparing the PSI, the Appellant did not have the financial ability to make restitution. (RR Vol. 3, page 13:4-14) May's recommendation to the Trial Court in the PSI was that Appellant be sentenced to prison. (RR Vol. 3, 14:14-16). The State rested at that point, with the request to call on more witness if he appeared. (RR Vol. 3, page 19:12-15)

The Appellant called Kenneth Peters ("Peters"), an investigator with the Hunt County Sheriff's Office. (RR Vol. 3, page 20:2-5) Peters testified that he had spoken with Appellant about the offenses and cooperating with the State by providing information. (RR Vol. 3, page 20:10-14) Peters testified that he and two other investigators conducted interviews with the

Appellant, but that no useful information or leads came from the information provided by Appellant. (RR Vol. 3, page 20:20-22).

The Appellant next called Kelly Phillips ("Phillips"), another investigator with the Hunt County Sheriff's Office. Phillips sat in on the interview with Appellant. (RR Vol. 3, page 23:2) Phillips also stated that the information provided by Appellant was of no use. (RR Vol. 3, page 25:8-25)

The Appellant next testified. Appellant acknowledged that he was the same individual who pled guilty on all three cases. (RR Vol. 3, 28:17-20) Appellant admitted that he had previously been to prison and to state jail. (RR Vol. 3, page 29:3-14) Appellant requested that the Trial Court give him a second chance. (RR Vol. 3, 29:20) Appellant also verified that his criminal history as reflected in the PSI was correct. (RR Vol. 3, page 29:24-30:1) Appellant asserted that he would be able to make restitution if the Trial Court placed him on probation. (RR Vol. 3, page 30:2-4) The Trial Court inquired of Appellant about his prior history as well as the circumstances of the underlying offenses. (RR Vol. 3, page 41:2151:15) After Appellant's testimony, the Appellant rested. (RR Vol. 3, page 51:23)

The State called Herman Fichtner ("Fichtner"). Fichtner testified that he was the owner of one of the buildings burglarized by Appellant. (RR

Vol. 3, page 55:10-22)  Fichtner testified that the value of the items stolen from him was around $75,000.00 (RR Vol. 3, page 58:6-14)  Fichtner also testified that he did not want to see Appellant receive probation.  (RR Vol. 3, 59:21-60:5)

After hearing all the testimony and arguments of counsel, the Trial Court sentenced Appellant to two years in a state jail facility in each case. (RR Vol. 68:1-15).  The Trial Court also ordered $57,941.00 in restitution in Cause No. 29,922 (29,922 CR 35) and $13,350.00 in restitution in Cause No. 30,032.  The written judgment was prepared and entered on March 6, 2015 (RR Vol. 4, page 4:1-5:7).

**ISSUES AND AUTHORITIES**

**INDICMENT AND JURISDICTION**

The indictments allege and contain all elements of the offense as prescribed by Tex. Health & Safety Code § 481.102(6) and TEX. PENAL CODE ANN. § 30.02.  The indictments conferred jurisdiction upon the trial court.  *Studer v. State*, 799 S.W.2d 263, 273 (Tex. Crim. App. 1989). There is no objection or complaint on the record regarding the indictments; hence nothing is presented or preserved for appellate review.  TEX. CODE CRIM. PROC. ANN. ART. 1.14(b) (O'Connor's 2014).

## ASSISTANCE OF COUNSEL

A complete review of the record reflects that Appellant was represented by counsel at all critical stages of the proceedings as required by the Texas and U.S. Constitutions, and that his counsel joined in all decisions as required by law. *Hidalgo v. State*, 983 S.W.2d 746, 750 (Tex. Crim. App. 1999). Counsel is ineffective only if his representation of Appellant falls below a minimum standard for representation and his errors undermine the reliability of the result to the appellant. *Strickland v. Washington*, 466 U.S. 668, 687(1984). In this case trial counsel vigorously represented Appellant, objected to evidence, cross-examined all witnesses, and admitted evidence on Appellant's behalf. Nothing in the record reflects that trial counsel's representation of Appellant fell below the minimum standard.

## COMPETENCE

"A person is incompetent if he lacks either (1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding; or (2) a rational as well as a factual understanding of the proceedings against him. A person is presumed competent to stand trial and shall be found competent to stand trial unless proved incompetent by a preponderance of the evidence." TEX. CODE CRIM. PROC. ANN. ART.

46B.003 (O'Connor's 2014); *see McGowin v. State*, 912 S.W.2d 837, 840 (Tex. App.—Dallas1995, no pet).

The Trial Court ordered a competency evaluation of Appellant in these cases. (20,694 CR 41; 29,922 CR 33; 30,032 CR 34) (RR Vol. 2, pages 4-6) The mental health expert filed his report with the Trial Court on February 19, 2015. (JX 2). The report stated: "It is also my opinion that while he might feel better with a medication, medications are not necessary to complete his legal requirements and he is fully capable of engaging competently with the courts and with his attorney." (JX 2)

## LIMITATIONS

The offense in Cause No. 29,694 was alleged to have been committed on or about October 4, 2013 and the indictment was presented April 25, 2014. (29,694 CR. 12). This is within the three year limitation for felonies provided in TEX. CODE CRIM. PRO. ANN. ART. 12.01(7) (O'Connor's 2014). The offense in Cause No. 29,922 was alleged to have been committed on or about November 23, 2013 and the indictment was presented August 22, 2014. (29,922 CR. 6). The offense in Cause No. 30,032 was alleged to have been committed on or about December 10, 2013 and the indictment was presented October 24, 2014. (30,022 CR. 9-10). This is within the five year limitation for felonies provided in TEX. CODE CRIM. PRO. ANN. ART.

12.01(4) (O'Connor's 2014). Furthermore, the Appellant did not make any challenge to the indictments on the basis of expiration of the statute of limitations. Limitations is a defensive issue, and must be raised by defendant or it is waived. *Proctor v. State*, 967 S.W.2d 840, 844 (Tex. Crim. App. 1998); *Howlett v. State*, 994 S.W.2d 663.667 (Tex. Crim. App. 1999).

## JEOPARDY

There is no jeopardy argument because Appellant was indicted and prosecuted in the cases and nothing in the record suggests the Appellant had previously been charged with and tried for these same offenses.

## PRESENCE OF DEFENDANT

Appellant was present when the verdict was pronounced as required by TEX. CODE CRIM. PRO. ANN. ART.37.06. (O'Connor's 2014)

## PRE SENTENCE INVESTIGATION

A pre-sentence report was not required in this case pursuant to TEX. CODE CRIM. PRO. ANN. ART.42.12 sec. 9(g). (O'Connor's 2014). However, one was prepared. (20,694 CR 37; 29,922 CR 29; 30,032 CR 29)

## PUNISHMENT

A sentence outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal. *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). Appellant was charged with three state jail

felonies. Appellant's sentence of two years in a State Jail Facility of the Texas Department of Corrections, Institutional Division in each is within the statutory range of punishment for the offenses. TEX. HEALTH & SAFETY CODE § 481.115(b); TEX. PENAL CODE §12.35.

In Texas, the courts have traditionally held that as long as the punishment assessed is within the range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or unusual. *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App.1973). Yet, in *Jackson v. State*, 989 S.W.2d 842, 845 (Tex. App.-Texarkana 1999, no pet.), this Court recognized that a prohibition against grossly disproportionate punishment survives under the Eighth Amendment to the United States Constitution apart from any consideration of whether the punishment assessed is within the range established by the Legislature. *Fluellen v. State*, 71 S.W.3d 870, 873 (Tex. App.-Texarkana 2002, pet. ref'd); *Latham v. State*, 20 S.W.3d 63, 68-69 (Tex. App.-Texarkana 2000, pet. ref'd).

## BACK TIME

The Trial Court gave Appellant 282 days credit in Cause 29,694; 312 days credit in Cause No. 29,922; and 293 days credit in Cause No. 30,032 (RR Vol. 4, page 4:16-19) 29,964 CR 44; 29,922 CR 35; 30,032 CR 35).

Appellant was credited with all back time, as reflected in the judgments, accurately calculated, as required by law.

## WRITTEN JUDGMENT

The written judgments conform to the court's oral pronouncement of judgment and sentence, as required by law. (RR Vol. 3, page 68:2-13) (29,694 CR 44-47; 29,922 CR 35-38; 30,032 CR 35-38).

## SENTENCING PROCEDURE: ALLOCUTION

Article 42.07 of the Texas Code of Criminal Procedure requires that: "Before pronouncing sentence, the defendant shall be asked whether he has anything to say why the sentence should not be pronounced against him." TEX. CODE CRIM. PRO. ANN. ART. 42.07 (O'Connor's 2014). The trial court in this case did not make that inquiry and trial counsel did not object. (RR Vol. 3, page 67:25). However, the record does not reflect that any substantive rights of Appellant were impacted by the trial court's failure to ask Appellant this question. The trial court properly pronounced sentence in Appellant's presence as required by TEX. CODE CRIM. PRO. ANN. ART. 42.03. (Vernon's 2014).

## FINGERPRINTS

The record reflects that Appellant's right thumb prints were taken as required by TEX. CODE CRIM. PRO. ANN. ART. 42.01(23) and TEX. CODE

CRIM. PRO. ANN. ART. 38.33 (Vernon's 2014). (29,694 CR 44-47; 29,922 CR 35-38; 30,032 CR 35-38).

## SUMMARY

The undersigned attorney has reviewed the entire record to determine if any objections were made on Appellant's behalf which would support a point of error on appeal. TEX. R. APP. P. 33.1(a) (O'Connor's 2014). In counsel's professional opinion, the trial court displayed no prejudice toward either side. For above reasons, appellate counsel found no arguable grounds on which to appeal the instant conviction, and Appellant should receive the opportunity to file a pro se brief.

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the undersigned counsel being of the earnest opinion that no arguable points of error appear in the record at the plea or sentencing stages of the case, Counsel prays that this Honorable Court will grant her Motion for Counsel to Withdraw and afford Appellant the opportunity to file a pro se brief asserting all grounds of which he knows to reverse the judgment of the trial court below and render judgment of acquittal or, alternatively, remand the cause to the trial court for further proceedings.

Respectfully submitted,

RENSHAW, DAVIS & FERGUSON, L.L.P.

By: /s/ Katherine A. Ferguson
Katherine A. Ferguson (SBN 06918050)

2900 Lee Street, Suite 102
P.O. Box 21
Greenville, Texas 75403-0021
Telephone: (903) 454-6050
Facsimile: (903) 454-4898
Email: rdflawoffice@yahoo.com

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the Anders Brief in Support of Motion to Withdraw was sent by first class United States Mail, postage prepaid, to the Honorable Noble Walker, Hunt County District Attorney, P.O. Box 441, Greenville, Texas 75403-0441 on this the 2nd day of July 2015.

I further certify that a true and correct copy of Anders Brief in Support of Motion to Withdraw was sent by first class United States mail, postage prepaid to CHRISTOPHER ANTHONY DAVIDSON, TDJC#01988392, Fabian Dale Dominguez State Jail, 6535Cagnon Road, San Antonio, Texas 78252-2202 on this the 2nd day of July, 2015.

/s/ Katherine A. Ferguson
Katherine A. Ferguson

**CERTIFICATE OF COMPLIANCE WITH RULE 9.4**

Pursuant to Texas Rule of Appellate Procedure 9.4, this certifies that this document complies with the type volume limitations because it is computer generated and does not exceed 15,000 words. Using the word

count feature of Microsoft Word, the undersigned certifies that this document contains 2,504 words in the entire document, except in the following sections:  caption, identities of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, signature, certificate of service and certificate of compliance.  This document also complies with the typeface requirements as it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

/s/ Katherine A. Ferguson
Katherine A. Ferguson